W. E. MARSHALL, COMPLAINANT, APPELLANT, *v.* SOUTH PITTSBURG LUMBER & COAL COMPANY, DEFENDANT, APPELLEE.

(*Nashville,* December Term, 1931.)

Opinion filed March 26, 1932.

J. T. Raulston, for complainant, appellant.

A. T. Stewart and Chas. H. Freas, for defendant, appellee.

Mr. Chief Justice Green delivered the opinion of the Court.

From this award in a Workmen's Compensation case both parties have appealed in error to this court. The defendant urges that plaintiff was an independent contractor, not an employee. The plaintiff is dissatisfied with the amount of the award.

Defendant is a lumber dealer in South Pittsburg and its establishment is equipped with machinery necessary for cutting up lumber to dimensions desired and dressing the same. Plaintiff is a carpenter by trade living in the same town. He undertakes independent contracts for which he purchases lumber from defendant. While not engaged on outside jobs, he has, for a period

of about four years, worked for the defendant—doing cabinet work, operating the machinery and other things.

The plaintiff lost a thumb while operating a ripsaw at defendant's place. The plaintiff had undertaken a contract to put in some screens and make some tables for the owner of a restaurant. This was the plaintiff's individual undertaking. Defendant's only connection with the job was furnishing the lumber. It is not clear whether defendant sold the lumber on plaintiff's account or on account of the restaurant owner. This, however, is not material.

When plaintiff ordered the lumber for this job, defendant did not have in stock lumber of the dimensions required. Defendant made a price on the lumber, cut to the required dimensions, and plaintiff was employed by defendant to cut the lumber to said dimensions, for which work plaintiff was paid by defendant fifty cents an hour. An arrangement like this appears to have been frequently made between the two. Defendant, of course, received a higher price for the lumber cut to dimensions than he would otherwise have received for the same.

The accident was sustained by the plaintiff while cutting the lumber for this restaurant job. We agree with the chancellor that plaintiff was an employee, not an independent contractor, when he received this injury. Respecting his work for the restaurant owner, making and installing the screens and tables, plaintiff was an independent contractor. In cutting up the lumber to dimensions, however, he was defendant's employee, working for fifty cents an hour. Defendant was selling the lumber in its finished state and plaintiff was employed to finish it.

There is nothing novel in a person for a time laying aside the character in which he chiefly acts and assuming another character. Under the old law of master and servant, a superior servant, the representative of the master, might depart from that character and do the work of a subordinate servant. While doing such work, he became a fellow servant of the other subordinate servants, although ordinarily he was a vice principal, discharging the duties of the master. *Allen* v. *Chamberlain,* 134 Tenn., 438, and cases cited.

So in the case before us, while generally the plaintiff was an independent contractor as to this particular job, at the time he was hurt, he was doing the work of an employee of defendant. In theory of law, we think there was no doubt of defendant's right to control plaintiff in the execution of this work. Defendant might have discharged plaintiff from this work, or ordered him to do the work in any manner desired. If the work had not been completed according to the specifications given in by the plaintiff, plaintiff might have refused to accept it. In so acting, however, he would have resumed his role of independent contractor.

The chancellor fixed plaintiff's compensation according to the method adopted in *Quarry* v. *Smith,* 161 Tenn., 682. In that case it was held that as to one whose employment was periodical or discontinuous, the basis of computation was the average weekly wage earned during the preceding year and not the weekly wage earned during those weeks when the employee worked a full six days. Our earlier cases are reviewed in *Quarry* v. *Smith* and we could add nothing to the discussion therein contained. That case is controlling here.

Pending the appeal to this court the plaintiff died and the cause has been revived in the name of his ad-

ministrator. The administrator contends that he is entitled to recover the entire award made to the plaintiff by the lower court. This is a mistake. The administrator can only recover so much of the award as had accrued at the time of the plaintiff's death. This question was fully considered in *Bry-Block Mercantile Co.* v. *Carson,* 154 Tenn., 273, and we are satisfied that the conclusion therein reached was sound.

Judgment accordingly.