FRANKLIN *v.* STONE & WEBSTER ENGINEERING CORPORATION.

(*Knoxville,* September Term, 1945.)

Opinion filed January 5, 1946.

156

JOHN A. HUFF, of Knoxville, for plaintiff in error, petitioner here.

POORE, KRAMER & OVERTON, of Knoxville, for defendant in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is a workman's compensation case and resulted in a dismissal by the lower court.

Hattie H. Franklin was an employee of the defendant, Stone & Webster Engineering Corporation, and sustained injuries arising out of and in the course of her employment which resulted in her death on the same day. The deceased was the wife of Phillip Franklin, the petitioner.

The petitioner was on the fourth day of January, 1944, the date of the fatal injuries to his wife, an employee of the defendant corporation, and had been continuously employed by defendant from June 22, 1943, up to and including January 4, 1944. During this period his average weekly wage was $32.19. The petitioner complains here as to the disallowance of funeral expenses and other expenses incidental to the burial of his wife. There was no evidence introduced as to the amount of the funeral expenses incurred. The following provision is found in section 6875 of the Code:

"In case death results from the injury, the employer shall, in addition to the medical service, etc., referred to above, pay the burial expenses of the deceased employee not exceeding one hundred dollars."

Under this section it is manifest that the employer is liable for the actual funeral expenses not exceeding one hundred dollars, and that the legislature did not intend to make the employer liable for one hundred dollars regardless of the amount of the funeral expenses.

It is also insisted that the trial court was in error in failing to hold that petitioner was entitled to recover benefits under the Workmen's Compensation Act by virtue of the relation existing between him and the deceased at the time of the accident and death of the deceased employee. The record discloses that petitioner was at the time of the injury and death of the deceased making an average weekly wage of $32.19, and it cannot be said that he was dependent on the deceased employee.

In the case of *Sweeton* v. *Tennessee Consol. Coal Co.,* 179 Tenn. 216, 164 S. W. (2d) 1010, it appears that an action had been instituted by the parents of a nineteen-year-old boy who had been killed as a result of an accident arising out of and in the course of his employment. The deceased employee had been contributing a substantial percentage of the family's total income, but the father was earning approximately $125 per month and the parents owned their own home in a small locality where living costs were low. This Court said, at page 219 of 179 Tenn., at page 1011 of 164 S. W. 2d:

". . . The question is not whether the amount of the family income was diminished by his death, but whether the necessary support of the family was affected. Many incomes are much greater than is required for support. One is not a compensable dependent who has

otherwise a reasonable support. *Wilmoth* v. *Phoenix Utility Co., supra* [168 Tenn. 95, 75 S. W. (2d) 48]. This is perhaps the determinative distinction here. There is material evidence that petitioners otherwise enjoyed a reasonable support, and were, therefore, not compensable dependents of the deceased."

The legislature has not seen fit to include a husband within the class of persons which is conclusively presumed to be dependent upon a deceased employee. Section 6883 of the Code provides, in part, as follows:

"For the purpose of this chapter, the following described persons shall be conclusively presumed to be wholly dependent:

"(1) A wife, unless it be shown that she was voluntarily living apart from her husband at the time of his injury, and minor children under the age of sixteen years.

"(2) Children between sixteen and eighteen years of age, or those over eighteen, if physically or mentally incapacitated from earning, shall *prima facie,* be considered dependent.

"(3) Wife, child, husband, mother, father, grandmother, grandfather, sister, brother, mother-in-law, and father-in-law who were wholly supported by the deceased workman at the time of his death and for a reasonable period of time immediately prior thereto shall be considered his actual dependents, and payment of compensation shall be made to them in the order named."

Section 6875 of the Code further provides:

". . . If the deceased employee leaves no dependents entitled to claim compensation under the provisions of this chapter, the employer shall not be further liable to any one for compensation on account of the accident except for the medical and hospital service and burial expense herein provided for."

■ This Court has held in numerous cases that relation alone is not the test of dependency under the Workmen's Compensation Act.

In the case of *Portin* v. *Portin*, 149 Tenn. 530, 261 S. W. 362, a dependent illegitimate child sought to recover benefits under the act. This Court said at pages 535, 536 of 149 Tenn., at page 363 of 261 S. W.:

■ "The Workman's Compensation Act is not a statute of descent or distribution. It was intended to relieve society of the burden of caring for injured workmen or the dependents of deceased workmen, and to place that burden upon the industry employing the workman. In case of the workman's death, the lawmakers were concerned for the care of his dependents, not about the devolution of the workman's property. The dependency of the claimant is the true basis of his right to compensation rather than blood or marriage. Relationship is really only evidence of dependency."

It results that the petitioner, not having been dependent upon the deceased, is precluded from recovering under the Act.

Affirmed.