HELEN ROSE, Administratrix of the Estate of Cormie
Rose, Deceased,

*v.*

THE CITY OF BRISTOL, TENNESSEE.

(*Knoxville,* September Term, 1957.)

Opinion filed June 6, 1958.

FLANNAGAN & FLANNAGAN, GORE, GORE & McINTYRE,
Bristol, for appellant.

CURTIN, HAYNES & WINSTON, Bristol, and Bristol, Va.,
for appellee.

Mr. Chief Justice Neil delivered the opinion of the Court.

This is an action by Helen Rose as administratrix of the estate of Cormie Rose, deceased, to recover compensation for an accident to the said deceased which arose out of and in the course of his employment by the City of Bristol.

The deceased Cormie Rose, husband of Helen Rose, suffered a fracture of the pelvis while at work for the City of Bristol and was paid total disability benefits from the date of his injury until his death.

The petition alleges that as a result of the fractured pelvis the deceased was suffering from Thrombo-Phlebitis of his lower extremities and had a 50% disability of his legs, but the amount of compensation due him under the statute had never been judicially determined at the time of his death; that he was entitled to compensation of 65% of his average weekly wage of $45 per week for 200 weeks. It is further charged that he was entitled to a settlement on this basis prior to his death "regardless of his future earning ability"; that the deceased had a vested interest in said right to compensation which survives his death and that therefore the petitioner as administratrix of his estate is entitled to maintain this suit "for the use and benefit of said estate."

The defendant City of Bristol demurred to the petition:

(1) "Because the bill fails to state any grounds upon which complainant is entitled to relief.

(2) "Because the bill shows on its face that Cormie Rose, the deceased employe of defendant, was paid in full all compensation due him prior to the date of his death, and that his death was due to a cause in no manner connected with his employment.

(3) "Because the facts alleged in complainant's bill show that as a matter of law, under the Workmen's Compensation Law (T.C.A. sec. 50-901 et seq.) in force in Tennessee on September 7, 1956, the date of the death of the said Cormie Rose, complainant is entitled to no relief."

The Chancellor overruled the demurrer. The defendant thereupon announced to the court that it did not desire to answer or further plead to the complainant's bill, and excepted to the action of the court in overruling said demurrer and prayed an appeal in the nature of a writ of error to the Supreme Court of Tennessee, *which appeal was denied* by the court.

The decree of the Chancellor recites "that he desired to hear proof introduced by petitioner; to which actions of the Court the defendant excepted, but the Court ordered the case set for further hearing on a date to be fixed in July, 1957, when the Court will return to Bristol to hear such matters as were not disposed of at the present term."

The petition was later amended to allege "permanent partial disability of seventy-five (75%) to eighty (80%) per cent to the legs" of the deceased.

The cause was heard upon the petition, as amended, and oral testimony and was dismissed by the Chancellor.

The Chancellor filed a written opinion with the record. Among other facts stated in his opinion, it is said: "From the time of his injury to the time of his death, he was paid compensation at the rate of $29.35 per week on the basis of temporary total disability. At the time of his death, there had been no agreement entered into as to the extent of his disability, or for the payment of compensation for any particular length of time, either on the basis of partial total disability, or partial permanent disability to his legs."

In reviewing the facts of the case, and the law applicable thereto, the Chancellor held as follows:

"* * * The statute of Tennessee is silent on a situation such as the one presented by the facts in this case. An examination of the authorities revealed that many states specifically provide by statute that the cause of the deceased is vested in the administrative of personal representative. That is not the statute in Tennessee. The Court is of the opinion that compensation payments based upon a set of facts such as the ones we are dealing with here cease when the employee dies from some cause not connected with his injury or with his employment."

An appeal was prayed and granted to this Court, and petitioner has filed the following assignments of error:

(1) "There is material evidence to support a decree in favor of petitioner.

(2) "The evidence preponderates in favor of petitioner.

(3) "The decree is contrary to the Workmen's Compensation Law in Tennessee as to petitioner's right to relief.

(4) "The Court erroneously construed the law as to the right of survivorship of a claim for compensation when a permanent partially disabled employee died as a result of an automobile accident unconnected with his employment."

The question raised in the foregoing assignment is controlled by *Bry-Block Merc. Co. v. Carson*, 154 Tenn. 273, 288 S.W. 726, 728. The identical question was made on that case as the one now before us. The facts also are identical. The Court held that the right to recover compensation did not survive to the personal representative. In commenting on the issue Mr. Chief Justice Green said:

"Reasons given in the cases are that it is the purpose of workmen's compensation acts to make industry take care of its casualties. To that end compensation is provided for injured workmen in lieu of wages. Wages cease with death, and likewise compensation received in lieu of wages must cease with death. If the employee die from natural causes, his representatives have no claim against the employer. If the death results from injuries received in the industry, there are special provisions to take care of the employee's dependents. It would put an additional burden on the

employer, not contemplated by the statutes, to require him to pay either wages or compensation to representatives of an employee who died from natural causes. If an employee had a vested right in compensation, he could will it away, and the employer would be paying this substitute for wages to persons with whom he had no connection. These and other reasons seem to abundantly sustain the majority rule.

"There are a few cases apparently to the contrary mentioned in the note 15 A.L.R. 821, but, upon investigation, they will be found to rest on peculiar provisions of statutes in those jurisdictions."

The foregoing decision was reaffirmed in *Marshall v. South Pittsburgh Lumber & Coal Co.*, 164 Tenn. 267, 47 S.W.2d 553, Chief Justice Green again speaking for the Court, holding as follows:

"Where one to whom compensation has been awarded dies pending appeal and the cause is revived in the name of his administrator, the administrator is not entitled to recover the entire award but can recover only so much of the award as had accrued at the time of the employee's death."

Contention is made by appellant's counsel that the Workmen's Compensation Statute has been amended since the decision in the *Bry-Block and Marshall v. South Pittsburgh Lumber & Coal Co.* cases, *supra*. But we are not cited to any amendment which purports to change the law as announced by the Court in those cases. While the counsel has cited a number of cases from foreign jurisdictions as supporting the appellant's theory of lia-

bility, we find that they rest upon statutes which differ from our own Compensation Statute. The case of *New Jellico Coal Co. v. Gilburth,* 187 Tenn. 606, 216 S.W.2d 329, relied on by the petitioner has no application to the case at bar.

The assignment of error is overruled, and the judgment of the trial court is affirmed.