[S. F. No. 20233. In Bank. Oct. 6, 1959.]

DAVID E. SMITH, as Special Administrator, etc., Petitioner, v. STATE OF CALIFORNIA SUBSEQUENT INJURIES FUND et al., Respondents.

Morgan, Beauzay, Smith & Holmes and Robert Morgan for Petitioner.

Stanley Mosk, Attorney General, Gerald F. Carreras, Deputy Attorney General, T. Groezinger, Loton Wells and Donald Gallagher for Respondents.

SPENCE, J.—Petitioner seeks a writ of mandate to compel respondents to pay him, as special administrator of the estate of Robert J. Kelly, compensation benefits which accrued prior to the death of Kelly.

Kelly was awarded benefits against the State of California, Subsequent Injuries Fund, on January 17, 1955. Thereafter, upon petition of the Fund, the Industrial Accident Commission granted reconsideration. Kelly died in December, 1955. The decision after reconsideration was issued February 2, 1956, affirming the award. Petitioner, as special administrator of Kelly's estate, then applied to have himself substituted as the party-applicant and prayed that the compensation benefits be assigned to him. Orders granting these requests were filed November 25, 1957. Thereafter, upon petition of the Fund, reconsideration of these November orders was granted. The decision after reconsideration set aside these orders; then ordered petitioner to be substituted as party-applicant; and finally found that Kelly died on December 16, 1955, and "[a]t that time there had accrued to him benefits from the State of California, Subsequent Injuries Fund, in the amount of $2,550, all of which remains due and unpaid."

It appears that the commission, relying upon *State of California, Subsequent Injuries Fund* v. *Industrial Acc. Com. (Monteverde)*, 151 Cal.App.2d 147 [311 P.2d 42], refused to order the accrued benefits paid to petitioner upon the assumption that it was without jurisdiction to do so. That case merely held that section 4700 of the Labor Code, providing for the liability of the employer to dependents for payment of benefits accruing to the deceased employee prior to his death, did not extend to awards against the Subsequent Injuries Fund. Accordingly, an award made against the Fund and in

favor of a dependent of the deceased employee following the employee's death was annulled. In passing, the court at page 150 noted that if the liability of the Fund "was a debt which survived" the employee's death, then it would be recoverable by the deceased's representative as an asset of the estate. Apparently, the commission erroneously interpreted this observation in the Monteverde case to mean that the superior court alone had jurisdiction to order payment of such debt. Upon this premise and to "assist" petitioner in his recovery, the commission declared it was making its "findings of fact as to the date of death and the amount of benefits accrued and unpaid."

The situation here is clearly distinguishable from that in the Monteverde case in that the award against the Subsequent Injuries Fund was not made to a dependent. Both the original award and the award following reconsideration were expressly made "in favor of Robert J. Kelly against the State of California, Subsequent Injuries Fund"; and in our opinion, this award constituted an implied direction for payment sufficient to satisfy the requirements of section 4754 of the Labor Code. The right to the payments was vested in Kelly at the time of his death and became an asset of his estate, a debt which petitioner, as the special administrator of Kelly's estate, was under a duty to collect. (Prob. Code, § 571.) The purport of the commission's final decision reflects these factors, for it thereby ordered petitioner substituted in the place of the deceased employee Kelly and it found the amount of compensation benefits due and unpaid at the time of death pursuant to the award previously made in favor of Kelly and against the Subsequent Injuries Fund. In all substantial respects, the combined order and findings in the final decision of the commission constituted an award in petitioner's favor and against the Subsequent Injuries Fund, which award the Fund, if dissatisfied, should have challenged by applying for reconsideration (Lab. Code, § 5900) and by seeking judicial review if reconsideration was denied (Lab. Code, § 5950).

Petitioner concedes that he is bound by the commission's decision determining the Fund's liability for accrued compensation benefits unpaid at the time of Kelly's death; and, in fact, relies on that decision. He is not, as the Fund contends, making here an untimely application for review of such "decision" (Lab. Code, § 5950) or undertaking a col-

lateral attack upon its provisions. Rather, he bases his present petition for a writ of mandate on the finality of that decision, and only seeks to compel performance of the ministerial act of payment of the money owed in pursuance thereof. (*Hawthorne* v. *City of Beverly Hills,* 111 Cal.App.2d 723, 731 [245 P.2d 352]; 32 Cal.Jur.2d, Mandamus, § 26, p. 172.) This court may properly grant the relief petitioner seeks. (Lab. Code, § 5955.)

Let a writ of mandate issue as prayed.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., Peters, J., and White, J., concurred.

Respondents' petition for a rehearing was denied November 3, 1959.