DOROTHY JONES

*v.*

JAMES A. HUEY and DEE HUEY d/b/a
HUEY BROTHERS LUMBER COMPANY.

357 S.W.2d 47.

(*Jackson,* April Term, 1962.)

Opinion filed May 4, 1962.

DAVID G. CALDWELL, Union City, for petitioner.

HEATHCOCK, ELAM & CLOYS, Union City, for respondent.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This is a Workmen's Compensation suit brought under the compensation law, sec. 50-901 et seq., T.C.A. The trial judge sustained a demurrer to the amended petition and the widow and children of the deceased employee appealed. Arguments have been heard, briefs filed and after a thorough consideration of the matter we have it for disposition.

On February 15, 1960, Robert James Jones, an employee of the Hueys, filed a petition in the County Court of Obion County, Tennessee, against his employers alleging that he had been injured on or about July 27, 1959, while he was working for them and that said injury occurred within the scope of his employment. Among other allegations in this complaint he alleged that he had incurred an injury to his back and as a result thereof he had been observed and treated by doctors in Union City and in the Campbell Clinic in Memphis. He further alleged that the insurance carrier of the Hueys declined to make any further compensation payments to him after December 18, 1959, and thereafter he obtained employment on a farm in Obion County "doing supervisory work." He also set forth what his average weekly wages were, etc., and as a result of this injury he alleged that

he had become totally disabled within the meaning of the Workmen's Compensation law.

On April 28, 1960, the widow of the employee, individually, as administratrix and on behalf of their minor children, amended the original petition alleging that the employee died on March 22, 1960, because at the time he did not have sufficient funds to support his family and it was necessary for him to get fire wood, etc., for the benefit of his family. She said in this petition that due to the condition of her deceased husband that he was unable to properly operate a tractor, and while thus operating this tractor in this disabled condition in an attempt to get fire wood for his family the deceased employee stepped on the wrong mechanism, or did it in a wrongful manner to such an extent that the tractor lurched forward and fell over backwards smashing the life out of the deceased, Jones. Thus this amended petition sought to recover compensation for the death of the deceased employee by reason of these facts; the complaint alleging that the death was due to the disabled condition of the employee which is alleged to have been received by an injury growing out of his employment, and thus there was a causal connection between this injury and the resulting death when the tractor turned over on him.

To this amended petition the employer demurred and set forth in their demurrer (1) that the amended petition showed that the death on March 22, 1960, was the result of a tractor accident and was in no wise connected with his former employment; (2) that no action can lie against the employer under the statute for this death; (3) no relief nor monetary recovery for these injuries as a result of the tractor accident is due; and (4) the right of

the injured employee to recover compensation for permanent disability due to this tractor accident would not survive in his personal representative, widow or dependent children, after the death due to a cause in no manner connected with his employment.

As said heretofore the trial judge sustained this demurrer. The case of *Rose v. City of Bristol,* 203 Tenn. 629, 315 S.W.2d 237, and cases therein cited, is the basic authority upon which the action of the trial judge is predicated. This case holds that the right of an injured employee to recover compensation for permanent partial disability does not survive to his administratrix after his death due to a cause in no manner connected with his employment. In support of this holding in the Rose case, this Court cites *Bry-Block Merc. Co. v. Carson,* 154 Tenn. 273, 288 S.W. 726, and *Marshall v. South Pittsburgh Lumber & Coal Co.,* 164 Tenn. 267, 47 S.W.2d 553, with appropriate quotations therefrom. We have read these cases and there is no question but that they support the holding of this Court in the Rose case, supra.

The petitioners take the position that there is a causal connection between the injury as alleged in the first complaint and that as laid in the amended complaint. The law unquestionably is that, ''When the primary injury is shown to have arisen out of and in the course of the employment every natural consequence that flows from this injury likewise arises out of the employment, unless the subsequent injury is the result of an independent intervening cause attributable to the claimant's own negligence or misconduct.'' Larson, Workmen's Compensation, Vol. 1, page 183, sec. 13.00.

In sec. 13.11, following the above quotation, the author discusses the question of the direct and natural consequence rule, and in the course of this discussion he aptly and correctly says that ''a subsequent injury'' must be ''related in some way to the primary injury, the rules that come into play are essentially based upon the common-law concepts of 'direct and natural results,' and of claimant's own negligence as an independent intervening cause.''

This subsequent injury ''is compensable if it is the direct and natural result of a compensable primary injury. But if the subsequent injury is attributable to claimant's own negligence or fault, the chain of causation is broken, even if the primary injury may have contributed in part to the occurrence of the subsequent injury.'' Sec. 13.11, Larson, supra.

At page 60, 1961 Cum.Supp. to this same work, among the cases cited in support thereof is that of *Sullivan v. B. & A. Construction, Inc.*, 282 App.Div. 788, 122 N.Y. S. 2d 571; 307 N.Y. 161, 120 N.E.2d 694, which is very close to the instant case. In this Sullivan case the injured employee's knee locked while he was driving his automobile, and he was unable to apply the brakes and an accident occurred. The Court held that the injuries which he sustained by reason of this automobile accident were non-compensable, as the employee's own act of driving with knowledge of his condition supervened to break the chain of causation between the previous accident and the automobile crash. The Court said:

''Here, quite obviously, it was claimant's own temerity, not the physical handicap, resulting from the industrial accident, that was primarily responsible for

the later, 1950, accident. * * * When claimant ignored his locking knee and, without justification, continued to drive, the responsibility for the accident and its consequences could no longer be ascribed to his employment-created disability."

In investigating and reading cases on this question it will be found that if the injured employee, knowing of his weakness, rashly undertakes to do things likely to result in harm to himself, the chain of causation is broken by his own negligence. See *Yarbrough v. Polar Ice & Fuel Co.,* 118 Ind.App. 321, 79 N.E.2d 422.

Counsel for the appellant cites as authority for the proposition here presented our case of *Patten Hotel v. Milner,* 145 Tenn. 632, 238 S.W. 75. In that case the cook at the Patten Hotel became overheated and as a result he stepped into an alley outside of the kitchen, fainted and fell, and as he fell a car ran over his arm and injured him. The lower court held that this was a compensable injury, and this Court affirmed because the fainty condition grew out of his employment and there is a causal connection between the employment and the injury which justified a recovery under our Act. This though is a different proposition from that we have herein.

Counsel for appellant likewise cites *Goldberg v. 954 Marcy Corp.,* 276 N.Y. 313, 12 N.E.2d 311, as authority in support of the amended petition in the present case. This case comes under a line of cases wherein compensation was allowed the injured employee during a trip to the doctor's office, which was necessitated by a previous compensable injury. Mr. Larson, supra, at page 186, under sec. 13.13, makes the following very apt observa-

tion in reference to the type of cases found compensable in the Goldberg case. He says:

"It will be observed that these cases seem to go somewhat further than would be expected under the ordinary legal concept of direct and natural result, and, in fact, come very close to applying the but-for theory of causation to the question of range of consequences."

He says further in reference to this type of case that:

"* * * some special connection with employment could be found, first, in the fact that it was a company doctor to whom decedent had reported, and second, in the fact that decedent lived in another town and was subjected to the necessity of travelling between towns to avail himself of treatment by the company doctor.

"It should not, therefore, be necessarily concluded that anything happening to an injured workman in the course of a visit to a doctor is compensable. To get this result, there should be either a showing that the trip was in the course of the employment by usual tests, or that the nature of the primary injury contributed to the subsequent injury in some way other than merely occasioning the journey which harm from a totally unrelated source occurred."

Adverting again to the Goldberg case, supra, and from a careful study of that case, we found that the reason compensation was allowed was in this sentence as taken from the opinion.

"The fall occurred while the claimant, pursuant to the directions of her employer, was on her way to the doctor."

■ Thus it is, from what we have said above we are satisfied that the death of this employee which was occasioned by his driving the tractor was in no way connected with his employment and is not compensable. See *Rose v. City of Bristol,* supra, and quotations and reasons therein cited. For the reasons hereinabove stated, we are constrained to affirm the judgment of the trial court. The case will be remanded for consideration under the original petition. The costs of this appeal are adjudged against the petitioners.