**Johnny E. SHERLIN, Appellant,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Appellee.**

Supreme Court of Tennessee.

July 23, 1979.

Richard H. Winningham, Chattanooga, for appellant.

Phillip A. Fleissner, Chattanooga (Chambliss, Bahner, Crutchfield, Gaston & Irvine, Chattanooga, of counsel), for appellee.

## OPINION

BROCK, Chief Justice.

This is a workmen's compensation case in which the plaintiff employee sued the insuror of his employer to recover benefits for an alleged injury arising out of and in the course of his employment resulting in disability to his hand. After the complaint was filed in court, the attorneys for the parties reached an agreement in writing to settle the plaintiff's claims for workmen's compensation in a lump sum, subject to approval of the Chancellor. However, after this written agreement was entered into but before its submission to the court for approval, the employee died from a gunshot wound unrelated to his employment. At this point the defendant insuror filed a petition before the Chancellor praying that the court determine the following question, to wit:

"Under the terms of the settlement agreement calling for a lump sum settlement, does the defendant remain liable for the full amount of the lump sum settlement including that portion of the settlement that had not accrued upon the workman's death, or should the settlement be modified in view of the workman's death to pay the estate only those portions that had accrued at the date of death?"

All the facts pertinent to this issue were stipulated by the parties and the matter was submitted to the Chancellor upon the stipulation, pleadings and briefs. The learned Chancellor concluded that the lump sum settlement agreement never became binding on any of the parties because it was not approved by the court prior to the death of the employee.

We have concluded that the Chancellor has correctly decided the controversy and, accordingly, we adopt the opinion of the Chancellor as the opinion of this Court with respect to the issues discussed and decided in that opinion.

## CHANCELLOR'S OPINION

"The undisputed facts are as follows:

"1. On or about July 11, 1978, plaintiff was an employee of Abilities, Inc., and received an injury in the course and scope of his employment to his right hand. There is no question with respect to notice.

"2. Abilities, Inc. has its workmen's compensation coverage with defendant, Liberty Mutual Insurance Company.

"3. Defendant paid and plaintiff received 7 weeks of temporary total benefits for a sum total of $513.31. (The compensation rate based upon plaintiff's earnings was $73.33).

"4. In due time, defendant's adjuster and plaintiff's attorney reached an agree-

ment to compromise and settle this claim on a lump sum basis, subject to court approval.

"5. The defendant and the plaintiff settled this claim for (a) the medical benefits relating to the treatment of the hand, (b) 24 weeks of temporary total disability benefits and (c) 135 weeks of permanent partial disability based upon an agreed rating of ninety (90%) percent to the hand.

"6. It was contemplated that the defendant's attorneys would draw up the papers to seek Court approval of the foregoing settlement. The defendant's attorneys did draw up a Final Decree for presentation to the court, and the check was ordered from the Home Office and was received in the lump sum uncommuted amount of Nine Thousand Eight Hundred Ninety-Nine and 55/100 dollars ($9,899.55), which sum represents $10,412.86 less $513.31 previously paid as temporary total benefits. The check was to be held by the defendant's attorneys while the arrangements were made to present this settlement to the court for court approval.

"7. The parties were to appear before the court on December 28, 1978 to see about getting the settlement approved.

"8. On or about December 23, 1978, plaintiff, Johnny E. Sherlin, met his death by a non-industrial accident and when he was shot to death during an encounter with an armed assailant.

"Candor compelled the admission from the defendant that the above recited agreement was in fact agreed to between the parties, but, by virtue of these extraordinary circumstances, defendant questions whether or not this claim survives plaintiff's death and whether defendant now remains obligated to the agreement and if so, to what extent.

"Plaintiff maintains that the parties entered into a binding contract and that the defendant should be compelled to comply with its terms by paying the sum of $9,899.55 to the personal representative of the deceased's estate. Plaintiff insists that court approval as provided in T.C.A. 50–1006 was not necessary to finalize or vali-

date the agreement between the parties and that the agreement was binding on both parties even though court approval had not been sought or obtained.

"The pertinent part of T.C.A. 50–1006 is in the following words and phrases:

" 'The interested parties shall have the right to settle all matters of compensation between themselves, *but all settlements, before the same are binding on either party, shall be reduced to writing and shall be approved by the judge of the circuit court or of the chancery court or criminal court* of the county where the claim for compensation is entitled to be made. It shall be the duty of the judge of the circuit court or of the chancery court or criminal court to whom any proposed settlement shall be presented for approval under this law, to examine the same to determine whether the employee is receiving, substantially, the benefits provided by the Workmen's Compensation Law. To this end he may call and examine witnesses. Upon such settlement being approved, judgment shall be rendered thereon by the court and duly entered by the clerk . . . .' (emphasis supplied).

■ "From all of which the court concludes that the agreement between the parties was not 'binding on either party' since the proposed agreement was not approved by the court during the life time of the plaintiff. In other words, the court respectfully rejects plaintiff's binding contract theory which would require defendant to pay the agreed sum to the personal representative of plaintiff's estate.

■ "Did plaintiff's claim survive his death? It appears to be reasonably clear that unaccrued disability benefits, upon the death of the employee, do not survive to his personal representative. *Rose v. City of Bristol,* 203 Tenn. 629, 315 S.W.2d 237 (1958); *Bry-Block Mercantile Co. v. Carson,* 154 Tenn. 273, 288 S.W. 726 (1926); *Marshall v. South Pittsburg Lumber & Coal Co.,* 164 Tenn. 267, 47 S.W.2d 553 (1932). The rationale of these cases is as follows:

'Reasons given in the cases are that it is the purpose of workmen's compensation acts to make industry take care of its casualties. To that end compensation is provided for injured workmen in lieu of wages. Wages cease with death, and likewise compensation received in lieu of wages must cease with death. If the employee dies from natural causes, his representatives have no claim against the employer. If the death results from injuries received in the industry, there are special provisions to take care of the employee's dependents. It would put an additional burden on the employer, not contemplated by the statutes, to require him to pay either wages or compensation to representatives of an employee who died from natural causes. If an employee had a vested right in compensation, he could will it away, and the employer would be paying this substitute for wages to persons with whom he had no connection. These and other reasons seem to abundantly sustain the majority rule.

Mr. Chief Justice Green, in *Bry-Block v. Carson,* 154 Tenn. at 277–278, 288 S.W., at 728.'

"In the *Bry-Block* case, the employee had lost his leg just above the ankle, and the employer paid benefits to the date of death. It was held that his widow could not recover the rest of the benefits for the scheduled injury that had not come due as of the date of death.

"In the case of *Rose v. City of Bristol,* it was alleged that plaintiff had disability to both lower extremities from a work-related pelvic fracture. He was paid temporary total disability benefits from date of injury until his non-related death. It was alleged that the amount of compensation for thrombo-phlebitis of his lower extremities had never been judicially determined at the time of his death, but that he was entitled to a settlement on this basis prior to his death 'regardless of his future earning ability,' and that the deceased had a vested interest in the right to compensation which survived his death and vested in his Estate. A demurrer was sustained, and on appeal to

the Supreme Court, it was held that the right to compensation was not vested and did not pass to the Estate.

"In the case of *Marshall v. South Pittsburg Lumber,* the plaintiff lost a thumb. The case was tried in the Chancery Court and an award of compensation was rendered. Pending appeal to the Supreme Court, the plaintiff died and the case was revived in the name of his administrator. The administrator contended that he was entitled to recover the entire award made to the plaintiff by the Chancery Court. However, the Supreme Court held that the judgment of the Chancery Court, although affirmed on the issue of compensability, must be restricted so that the 'administrator can only recover so much of the award as had accrued at the time of the plaintiff's death.' 164 Tenn., at 271. [47 S.W.2d 553]

■ "After reviewing the above mentioned decisions of our Supreme Court with respect to similar type cases, this court concludes that plaintiff's claim did not survive his non-work-related death and that defendant is not compelled by the agreement to pay the lump sum settlement figure to the personal representative of plaintiff's estate.

■ "The court is of the opinion that defendant should pay to plaintiff's personal representative temporary total benefits which had accrued until the date of his death less the 7 weeks heretofore paid."

The decision and conclusions of the Chancellor are further supported by the decisions of this Court in *Mangrum v. Aetna Life Ins. Co.,* 153 Tenn. 209, 280 S.W. 1011 (1926); *Vester Gas Range and Mfg. Co. v. Leonard,* 148 Tenn. 665, 257 S.W. 395 (1923); *Moore v. Hines,* 170 Tenn. 456, 95 S.W.2d 928 (1936); *Stephens v. American Mutual Liability Ins. Co.,* 188 Tenn. 560, 221 S.W.2d 803 (1949); *Travelers Insurance Company v. Wing,* Tenn., 584 S.W.2d 789 (1979).

Although the petitioner has presented respectable authority from other jurisdictions which tend to support his position, we are of the opinion that the conclusion reached by the Chancellor and which we approve is

required by the language of T.C.A., § 50–1006, as it has been consistently interpreted by decisions of this Court over the past 55 years.

The decree of the Chancellor is affirmed and costs incurred in this Court are taxed against the appellant.

FONES, COOPER, HENRY and HARBISON, JJ., concur.