The TRAVELERS INSURANCE COMPANY, Defendant-Appellant,

v.

Maurice E. WING, Deceased, by Gladys Faye Wing as Administratrix of the Estate of Maurice E. Wing, Plaintiff-Appellee.

Supreme Court of Tennessee.

Aug. 6, 1979.

James L. Kirby, Memphis, for defendant-appellant.

Walter Buford, Memphis, for plaintiff-appellee.

## OPINION

HENRY, Justice.

Defendant Travelers Insurance Company appeals a worker's compensation award for 20% disability benefits to Gladys Wing, as Administratrix of the estate of Maurice Wing, for a work-related injury suffered by her deceased husband. After instituting the compensation suit, Mr. Wing died from causes unrelated to his compensable injury. The trial court's award was based upon a settlement agreement reached after Mr. Wing's death. For the reasons set out below, we reverse.

### I.

On June 23, 1976, Maurice Wing suffered an injury while working for Town and Country Plumbing. Appellant, Town and Country's insurance carrier, paid Wing benefits for temporary total disability until April 11, 1977. On May 6, 1977, Wing filed a worker's compensation action seeking benefits for total disability to the body as a whole. Travelers admitted that the injury arose in the scope of Wing's employment, but denied the manner in which the accident occurred and the extent of the disability.

On June 22, 1977, Wing died as a result of causes unrelated to his accidental injury. One month later, Wing's attorney offered to settle the suit on the basis of 25% disability to the leg. The final paragraph of that letter informed Travelers of Wing's death as follows:

> Mr. Wing left three minor children at his death on June 22, 1977. We make claim for the above on their behalf and feel that this settlement would be in their best interests. . . .

Bob Wilson, Travelers' claim adjuster, responded that Travelers' final offer was benefits on the basis of a 20% disability. Wing's attorney's office orally accepted this offer the next day. The notes of that conversation stated that Travelers "will do it on release only." Two weeks later, on the advice of Travelers' attorney, Wilson repudiated the settlement agreement on the grounds that Wing's death had extinguished the claim.

Thereafter, on December 2, 1977 Travelers filed a suggestion of death upon the record pursuant to Rule 25, Tenn.R.Civ.P. After more than 90 days had passed without substitution of parties, Travelers filed a motion to dismiss. On April 21, Gladys Wing filed an answer to the motion to dismiss and a motion to revive the action as Administratrix of her husband's estate. It appears that although Mrs. Wing asked the attorney to pursue the suit immediately after her husband's death, she did not employ him as Administratrix until after the motion to dismiss was filed. The trial court granted the motion to revive in an order providing that the cause

> be prosecuted in the same plight and condition as before the death of the Plaintiff, Maurice E. Wing.

Gladys Wing thereafter filed a supplemental complaint alleging breach of the settlement agreement. Following trial, in which the parties presented testimony relat-

ing solely to the events surrounding the settlement agreement, the trial court ruled that benefits for Wing's alleged injury had accrued at the time of his death and that Travelers was estopped to deny the 20% settlement agreement reached after notice of Wing's death.

On appeal, Travelers claims that the trial court erred in failing to dismiss the action because: (1) no substitution of parties was made within ninety days as required by Rule 25; (2) suits for worker's compensation benefits do not survive to the personal representative of an employee who dies from causes unrelated to the occupational injury; (3) no proof supported the trial court's finding that Wing had a disability; and (4) the settlement agreement had not been approved by the court as required by T.C.A. § 50–1006.

We agree with appellant's contention that Wing's benefits did not survive to his personal representative, and reverse on that basis.

## II.

We note initially that although appellee Wing seeks to characterize this suit as a contract action to enforce the settlement agreement, it is in fact an action stemming directly from "the rights and remedies" granted by the worker's compensation law. Thus, absent a legally enforceable right to benefits under that law, there would be no consideration to support the settlement agreement. *Royal Indemnity Co. v. Schmid,* 225 Tenn. 610, 474 S.W.2d 647 (1971), relied upon by appellee, presented a different question and therefore has no application to the case at bar.

It is clear that the rights and benefits under our worker's compensation law do not survive to the personal representative unless the employee's death is a direct result of the accidental injury. *See, e. g., Lenoir Car Works v. Hill,* 163 Tenn. 578, 44 S.W.2d 321 (1931). T.C.A. §§ 50–1010 and 50–1013 provide compensation for dependents, but only if the employee dies as a result of a work-related injury.

In *Bry-Block Mercantile Co. v. Carson,* 154 Tenn. 273, 288 S.W. 726 (1926), the Court first ruled that the right to receive compensation does not survive to the personal representative if the employee died from causes unrelated to the accidental injury:

Reasons given in the cases are that it is the purpose of workmen's compensation acts to make industry take care of its casualties. To that end compensation is provided for injured workmen in lieu of wages. Wages cease with death, and likewise compensation received in lieu of wages must cease with death. If the employee die [sic] from natural causes, his representatives have no claim against the employer. If the death results from injuries received in the industry, there are special provisions to take care of the employee's dependents. It would put an additional burden on the employer, not contemplated by the statutes, to require him to pay either wages or compensation to representatives of an employee who died from natural causes. If an employee had a vested right in compensation, he could will it away, and the employer would be paying this substitute for wages to persons with whom he had no connection. 154 Tenn. at 277–78, 288 S.W. at 728.

This rule subsequently has been applied in *Rose v. City of Bristol,* 203 Tenn. 629, 315 S.W.2d 237 (1958), and *Jones v. Huey,* 210 Tenn. 162, 357 S.W.2d 47 (1962).

Thus, Wing's claim for compensation benefits did not survive to his personal representative. The judgment of the trial court is reversed and the cause is dismissed.

BROCK, C. J., and FONES, COOPER and HARBISON, JJ., concur.