James MOORE, Sr., as Plaintiff, and Next Friend of Retha Moore, Deceased, Plaintiff/Appellee,

v.

DRAKE BAKERIES, INC., d/b/a Auntee's Bakery and the Aetna Casualty and Surety Company, Defendants/Appellants.

Supreme Court of Tennessee, at Jackson.

July 27, 1992.

Robert D. Meyers, Memphis, for defendants-appellants.

Mark A. Allen, Memphis, for plaintiff-appellee.

## OPINION

REID, Chief Justice.

This workers' compensation case presents an appeal from the trial court's finding that the deceased employee's personal representative was entitled to recover permanent partial disability benefits from the time of an injury, found to be compensable, until the time of her death, which was not related to her employment. The Tennessee's workers' compensation statute does not provide that an unadjudicated claim for benefits survives the non-work-related death of a worker.

The employee sustained a compensable injury on April 4, 1988. On April 7, 1990, after the employee had filed a suit for workers' compensation benefits but prior to the trial of the case, the worker died as the result of injuries unrelated to her employment. The trial court denied the employer's motion to dismiss the suit and, over the employer's objection, granted the motion of the deceased worker's personal representative that he be substituted as party plaintiff. The trial court found that the deceased worker attained maximum medical improvement on October 13, 1988, and that she sustained 20 percent permanent disability to the body as a whole, for which she was entitled to periodic payments for 80 weeks. The court also held that the deceased worker's next of kin was entitled to recover benefits for 78 weeks, being the time from the date of maximum improvement until the date of death.

The plaintiff says the precise issue presented is one of first impression in Tennessee and, relying upon cases from other jurisdictions, insists the trial court reached the right decision. The employer contends that prior decisions of this Court required that the complaint be dismissed upon suggestion of the plaintiff's death.

The facts of this case are less favorable to the plaintiff's position than those in *Sherlin v. Liberty Mut. Ins. Co.*, 584 S.W.2d 455 (Tenn.1979), in which the Court found the claim for benefits did not survive the worker's death. In that case, the injured worker, while receiving temporary total benefits, entered into a written agreement with the insurer whereby the parties agreed that the employee would receive medical benefits, temporary total benefits for an additional 24 weeks, and permanent partial disability benefits for 135 weeks. Pleadings, including a proposed order incorporating the provisions of the agreement, were prepared for submission of the agreed settlement to the court for approval. However, prior to the date on which the parties were scheduled to present the settlement, the worker died from causes unrelated to his employment. On appeal, this Court rejected the plaintiff's contention that the agreement was enforceable even though it had not been court approved. The Court relied upon T.C.A. § 50–1006 (now T.C.A. § 50–6–206) which provides:

> The interested parties shall have the right to settle all matters of compensation between themselves, but all settlements, before the same are binding on either party, shall be reduced to writing and shall be approved by the judge of the circuit court or of the chancery court or criminal court of the county where the claim for compensation is entitled to be made.

The Court found that for the agreement to be enforceable it must have been approved by the court during the lifetime of the worker. The effect of *Sherlin* is that claims for benefits which have not been reduced to judgment during the lifetime of the worker do not survive the worker's death from a non-work-related cause. The Court, in addressing the issue presented in *Sherlin,* held that "unaccrued disability benefits, upon the death of the employee, do not survive to his personal representative." 584 S.W.2d at 457. *See also Travelers Ins. Co. v. Wing,* 584 S.W.2d 789 (Tenn. 1979) ("It is clear that the rights and benefits under our workers' compensation law do not survive to the personal representative unless the employee's death is a direct result of the accidental injury.") 584 S.W.2d at 791.

In *Rose v. City of Bristol,* 203 Tenn. 629, 315 S.W.2d 237 (1958), the injured worker was receiving periodic total disability benefits at the time of his non-work-related death. His administratrix filed suit claiming a 50 percent permanent disability and further that the "deceased had a vested interest in said right to compensation which survives his death." 315 S.W.2d at 237. The Court held that the right to recover workers' compensation benefits did not survive the death of the employee.

The Court has consistently held that no unadjudicated claim for benefits and only adjudicated benefits due from the time of injury to death survive the non-work-related death of the employee. In *Bry–Block Mercantile Co. v. Carson,* 154 Tenn. 273, 288 S.W. 726 (1926), the employee had received periodic payments due for the loss of a leg. After his death from an unrelated cause, suit was filed alleging that unpaid benefits for loss of the scheduled member "was a vested right, and upon his death the balance due passed to his widow," to which the Court responded, "This holding cannot be sustained." 288 S.W. at 728.

The significant distinction between an unadjudicated claim for benefits, which is asserted in this case, and an award of benefits appears from a comparison of the cases discussed above with *Marshall v. South Pittsburg Lumber & Coal Co.,* 164 Tenn. 267, 47 S.W.2d 553 (1932). In *Marshall,* the worker, who had lost a thumb in an accident determined to be compensable, died while the case was on appeal. This Court held that his estate was entitled to recover benefits for loss of the scheduled member due from the date of the accident

until his death, but not "the entire award made to the plaintiff by the lower court." 47 S.W.2d at 554.

The cases relied upon by the plaintiff, none of which are Tennessee cases, are based upon statutes providing the claim for benefits survives the death of the worker even when death is unrelated to employment. The Tennessee workers' compensation law contains no such provision.

The judgment of the trial court is reversed, and the defendants' motion to dismiss the complaint is sustained.

Costs are adjudged against the plaintiff-appellee.

DROWOTA, O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.