The **ESTATE OF Alice THOMPSON**,
Plaintiff–Appellant,

v.

**WCI COMPONENTS, Defendant–Appellee.**

Supreme Court of Tennessee,
at Knoxville.

Dec. 28, 1992.

John W. Cleveland, Sweetwater, for plaintiff-appellant.

Donald B. Reid, Athens, for defendant-appellee.

OPINION

REID, Chief Justice.

This workers' compensation case presents an appeal from the trial court's finding that the deceased employee's estate was not entitled to recover permanent partial disability benefits from the date of the final payment of temporary total disability benefits (the date of maximum recovery) until the date of the employee's non-work-related death. The judgment of the trial court is affirmed.

On September 5, 1989, the employee was injured in the course of her employment, resulting in a loss of range of motion and the amputation of the tip of her left index finger. She received temporary total disability benefits until November 26, 1989, the date on which she attained maximum recovery. On July 9, 1990, the employee died in an automobile accident unrelated to her employment. The employee's estate filed the present action after the employee's death. The trial court found that the

215

employee had been paid all temporary benefits due, held the estate could not recover any permanent disability benefits, and dismissed the suit.

The plaintiff contends that a deceased worker's estate is entitled to recover workers' compensation benefits due from the date of injury until the employee's death from a non-work-related cause, even though the claim had not been adjudicated at the time of death. The defendant insists that in Tennessee, death from a non-work-related cause, precludes the subsequent award of benefits.

The facts in this case are similar to those in *Moore v. Drake Bakeries, Inc.*, 834 S.W.2d 939 (Tenn.1992), in which the Court held that an unadjudicated claim for permanent disability benefits does not survive the non-work-related death of a worker. In *Moore* the employee died after filing suit for permanent disability benefits but before the case was tried. The trial court substituted the deceased worker's personal representative as the party plaintiff, and held that the deceased worker's next of kin were entitled to recover permanent disability benefits for the 78 weeks from the date of maximum improvement until the date of death. This Court, in reversing the trial court's judgment, noted that it "has consistently held that no unadjudicated claim for benefits and only adjudicated benefits due from the time of injury to death survive the non-work-related death of the employee." *Id.* at 940. As in *Moore*, the trial court here made no adjudication of benefits before the employee's death. In the present case, the employee died before the suit was even filed.

The cases relied upon by the plaintiff can be distinguished by the fact that there had been an adjudication of benefits before the employee died. *See Oman Const. Co. v. Bray*, 583 S.W.2d 303 (Tenn.1979); *Byrd v. Pioneer–Jellico Coal Co.*, 180 Tenn. 396, 175 S.W.2d 542 (Tenn.1943); *Marshall v. South Pittsburg Lumber & Coal Co.*, 164 Tenn. 267, 47 S.W.2d 553 (1932). Also distinguishable are those cases in which the court allowed recovery of benefits for temporary disability, but not permanent disability, which had accrued prior to the employee's death. *See Sherlin v. Liberty Mut. Ins. Co.*, 584 S.W.2d 455 (Tenn.1979).

The unadjudicated claim for permanent disability benefits does not survive the non-work-related death of the employee. In this case, the trial court was correct in finding that the estate is entitled to no recovery.

Therefore, the judgement is affirmed. Costs are taxed to the appellant.

DROWOTA, O'BRIEN, DAUGHTREY, and ANDERSON, JJ., concur.