William **WARRICK**

v.

**CHEATHAM COUNTY HIGHWAY DEPARTMENT.**

Supreme Court of Tennessee, at Nashville.

Dec. 4, 2001.

Stacy A. Turner, Clarksville, Tennessee, for the appellant, William Warrick.

D. Brett Burrow, Gordon C. Aulgur, and Mike Vetter, Nashville, Tennessee, for the appellee, Cheatham County Highway Department.

## OPINION

FRANK F. DROWOTA, III, C.J., delivered the opinion of the Court, in which E. RILEY ANDERSON, ADOLPHO A. BIRCH, JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

In this workers' compensation case the deceased employee, William Warrick, has appealed from a judgment of the Chancery Court of Cheatham County denying his claim for benefits filed against the employer, the Cheatham County Highway Department.[1] The employee, who filed a claim for benefits after sustaining a work-related shoulder injury, died prior to trial from a heart attack unrelated to his employment. The trial court granted summary judgment to the employer on the basis that unadjudicated claims for benefits do not survive the nonwork-related death of the employee. The employee's appeal was argued before the Special Workers' Compensation Appeals Panel pursuant to Tenn.Code Ann. § 50–6–225(e)(3), but was transferred to the full Supreme Court prior to the Panel issuing its decision. The sole issue before this Court is whether an unadjudicated claim for benefits survives the nonwork-related death of the worker. After careful consideration, we hold that a worker's personal representative may recover benefits on behalf of the deceased employee from the time of injury to the time of death, even though the worker's death was unrelated to the employment. Thus, workers' compensation claims do not terminate upon the nonwork-related death of the employee merely because the claim has not been adjudicated prior to the worker's death. If the employee is able to furnish enough evidence to satisfy the requisite burden of proof establishing the claim, then benefits may be awarded until the time of death. The judgment of the trial court is therefore reversed and the case remanded.

### Background

The employee, William Warrick, age sixty-four, worked for the Cheatham County Highway Department ·driving a dump truck. Warrick had been a manual laborer all of his life. He had a second grade education and could not read or write.

On December 18, 1998, the employee injured his shoulder while climbing the side of a dump truck to reach a tarp covering a load. He was diagnosed with a torn rotator cuff and underwent surgery. Despite surgery, however, he was never able to return to work and reached maximum medical improvement on June 21, 1999. According to the employee, the injury made it difficult for him to drive his pick-up truck or even hold a can of coke. One of his physicians assessed a twenty-one percent impairment to the upper extremity, and another physician gave a thirty percent impairment rating. One of the physicians testified that the employee could not return to the type of work he was doing prior to the injury.

The employee filed suit for benefits on November 9, 1999. Prior to his case being tried, however, he suffered a fatal non-

---

1.  The record contains a motion to amend the complaint to substitute the administrator of the Estate of William Warrick as the Plaintiff.

work-related heart attack on June 28, 2000. Shortly thereafter, the employer filed a motion for summary judgment, arguing that the case had to be dismissed because the claim had not been settled or tried before the employee's death. The employer conceded at the hearing on the motion that the employee would have been entitled to benefits had he survived, although the extent of disability would have been disputed.[2]

The trial court reluctantly granted the employer's motion for summary judgment and dismissed the case. In doing so, the trial judge stated that there was "a lot of logic and appeal" to the employee's argument that benefits should be awarded until the date of death in order to remove any incentive employers might have in delaying the resolution of cases involving workers with serious or terminal illnesses. Nevertheless, the court felt constrained to follow the rule adopted in *Moore v. Drake Bakeries, Inc.*, 834 S.W.2d 939 (Tenn. 1992), that unadjudicated claims do not survive the nonwork-related death of the worker. The employee appealed the trial court's ruling, and the case was argued before the Special Workers' Compensation Appeals Panel pursuant to Tenn.Code Ann. § 50–6–225(e)(3). The appeal was transferred to the full Supreme Court prior to the Panel issuing its decision. The question we must decide is whether an unadjudicated claim for benefits survives the nonwork-related death of the worker.

*Analysis*

■ Ordinarily, the standard of review in a workers' compensation case is *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. Tenn. Code Ann. § 50–6–225(e)(2). However, when summary judgment has been granted in a workers' compensation case, the standard of review is governed by Tenn. R. Civ. P. 56. *Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn.1991). Under Rule 56, a court must "review the record without a presumption of correctness to determine whether the absence of genuine and material factual issues entitle the movant to judgment as a matter of law." *Finister v. Humboldt Gen. Hosp., Inc.*, 970 S.W.2d 435, 437–38 (Tenn.1998).

The most recent case addressing the survivability of unadjudicated claims for benefits is *Moore v. Drake Bakeries, Inc.*, 834 S.W.2d 939 (Tenn.1992). In that case, the employee suffered a compensable injury and filed suit to recover benefits. However, he died of a nonwork-related cause prior to trial. The trial court found that the employee's personal representative was entitled to recover benefits from the time of the injury, which was found to be compensable, to the time of death. On appeal, this Court reversed and held that unadjudicated claims for benefits do not survive the nonwork-related death of the worker. *Id.* at 940. According to *Moore*, the Court "has consistently held that no

---

**2.** In an effort to demonstrate that the employer recognized the employee to be totally disabled, the employee introduced a letter from the employer offering to settle the case for what the employee claims was (and what the letter recites as) the maximum benefit payable. The letter was dated June 2, 2000. The employee died less than a month later, before any settlement could be approved by the court as required by Tenn.Code Ann. § 50–6–ann. 206(a)("The interested parties shall have the right to settle all matters of compensation between themselves, but all settlements, before the same are binding on either party, shall be reduced to writing and shall be approved by the judge of the circuit court, chancery court or criminal court of the county where the claim for compensation is entitled to be made.").

unadjudicated claim for benefits and only adjudicated benefits due from the time of injury to death survive the nonwork-related death of the employee." *Id.* Thus, the effect of *Moore* has been that claims for benefits not reduced to a judgment during the employee's lifetime do not survive the employee's death from a nonwork-related cause. This is the rule relied upon by the employer and the trial court in the present case to deny benefits.

The employee in this case, who is seeking benefits from the time of maximum medical improvement to the time of death, argues that his case is distinguishable from *Moore* because *Moore* involved permanent partial disability, whereas this case involves permanent total disability. However, the employee fails to offer a persuasive rationale, and we cannot think of one, for why such a distinction should make a difference. *Moore* clearly holds that all unadjudicated claims do not survive the nonwork-related death of the worker. Accordingly, cases involving permanent partial disability and permanent total disability should be treated alike under *Moore.*

■ That said, we are persuaded that *Moore* should be re-examined because it is inconsistent with the cases that it cites, as well as sound public policy. Specifically, *Moore* relied heavily upon *Sherlin v. Liberty Mut. Ins. Co.*, 584 S.W.2d 455 (Tenn. 1979). In *Sherlin*, the employee suffered a compensable injury and entered into a written settlement agreement with the employer. *Id.* at 456. Before the settlement was approved by the court, however, the employee died from an injury unrelated to his employment. *Id.* In *Moore*, this Court correctly noted that *Sherlin* held that settlements must be approved during the lifetime of the worker to be enforceable and therefore the parties' settlement was not binding. *Moore*, 834 S.W.2d at 940. The *Sherlin* Court, however, only disallowed

claims for benefits that extended beyond the lifetime of the worker under the settlement. Benefits that had accrued during the lifetime of the worker were found to be compensable until death. *Sherlin*, 584 S.W.2d at 458 ("The court is of the opinion that [the employer] should pay to the [employee's] personal representative temporary total benefits which had accrued until the date of his death."). No mention of that aspect of *Sherlin* appears in *Moore.* Instead, *Moore* states that the "effect of *Sherlin* is that claims for benefits which have not been reduced to a judgment during the lifetime of the worker do not survive the worker's death from a nonwork-related cause." *Moore*, 834 S.W.2d at 940. *Moore's* construction of *Sherlin* was thus overly broad, for *Sherlin* found that benefits that had accrued during the lifetime of the worker were compensable until death. *Sherlin*, 584 S.W.2d at 458.

Similarly, other cases relied on by *Moore* do not support *Moore's* broad holding. For example, *Rose v. City of Bristol*, 203 Tenn. 629, 315 S.W.2d 237, 239 (1958) and *Bry–Block Mercantile Co. v. Carson*, 154 Tenn. 273, 288 S.W. 726, 728 (1926) hold that unadjudicated claims for benefits are unenforceable after the worker's death from nonwork-related causes, but neither case involved benefits payable to the time of death because the employees had received benefits until their deaths. And in *Marshall v. South Pittsburg Lumber & Coal Co.*, 164 Tenn. 267, 47 S.W.2d 553, 554 (1932), another case cited by *Moore*, it was held that a personal representative was not entitled to recover an entire award that had been made, but "only recover so much of the award as had accrued at the time of the employee's death." The holdings in these cases are consistent with the primary purpose of workers' compensation, which is to provide benefits in lieu of wages. *Henson v. City of Lawrenceburg,*

851 S.W.2d 809, 814 (Tenn.1993). Wages cease with death and therefore compensation must also cease with death. Since the purpose of workers' compensation is to provide benefits in lieu of wages, a worker's claim for benefits between injury and death should and does survive the claimant's nonwork-related death.

■ Moreover, we are persuaded that sound public policy favors allowing claims for unadjudicated benefits to survive the nonwork-related death of the employee. The Workers' Compensation Act is a remedial statute which must be given an equitable construction by the courts so that its "objects and purposes ... may be realized and attained." Tenn.Code Ann. § 50–6–116. The purposes of the act include the prompt payment of benefits, *Crane Co. v. Jamieson,* 192 Tenn. 41, 237 S.W.2d 546, 548 (1951), placement upon industry rather than on society the cost of injuries resulting from the production and distribution of goods and services, *Franklin v. Stone & Webster Eng'g Corp.,* 183 Tenn. 155, 191 S.W.2d 431, 432 (1946), and providing the injured worker with periodic payments as a substitute for regular wages, *Henson,* 851 S.W.2d at 814. The broad holding of *Moore* stands in opposition to these goals by denying benefits to injured persons who, in some cases, are clearly entitled to them but have the misfortune of dying before their claims are reduced to a judgment. We see no reason for employers to receive a corresponding windfall. As the employer in this case stated at the hearing on the motion for summary judgment, it is important to "look at the facts of this case and see that justice is done." Justice will not be served by denying benefits to those rightfully entitled to receive them merely because they fail to live long enough to survive delays inherent in the judicial process. It is illogical and unfair to base the claimant's right to a recovery upon his ability to outlive that process.

In addition, the rule adopted in *Moore* can lead to unjust results. Little imagination is required to envision a scenario where an employer or its insurance company deliberately delays settling or trying the claim of a seriously or terminally ill worker since the claim would be extinguished by his nonwork-related death. While we are not suggesting that is the situation here, this example illustrates the incentive employers have to exploit for their own benefit the circumstances of employees who find themselves facing serious or terminal illness. Rewarding less than diligence in settling or trying claims is contrary to the goal of encouraging the prompt payment of benefits. *Crane Co. v. Jamieson,* 237 S.W.2d at 548. The law should not provide such an incentive.

Finally, we note that many jurisdictions considering the issue have held that claims for unadjudicated benefits from the time of injury until death survive the nonwork-related death of the claimant. *See, e.g., Ala. Dry Dock v. Director, Office of Workers' Comp.,* 804 F.2d 1558 (11th Cir.1986); *Reed v. Industrial Comm.,* 104 Ariz. 412, 454 P.2d 157 (Ariz.1969); *Smith v. Subsequent Injuries Fund,* 52 Cal.2d 751, 344 P.2d 293 (1959); *Estate of Huey v. J.C. Trucking Inc.,* 837 P.2d 1218 (Colo.1992); *Peterson's Estate v. J.R. Simplot Co.,* 83 Idaho 120, 358 P.2d 587 (1961); *Young v. Bentley,* 449 S.W.2d 755 (Ky.Ct.App.1970); *Turner v. Southern Wheel & Rim Serv. Inc.,* 332 So.2d 770 (La.1976); *Walker v. U.S. Equip. Co.,* 94 Mich.App. 454, 290 N.W.2d 36 (1979); *Bone v. Daniel Hamm Drayage Co.,* 449 S.W.2d 169 (Mo.1970); *Breen v. Industrial Acc. Bd.,* 150 Mont. 463, 436 P.2d 701 (1968); *Cureton v. Joma Plumbing & Heating Co.,* 38 N.J. 326, 184 A.2d 644 (1962); *Inman v. Meares,* 247 N.C. 661, 101 S.E.2d 692 (1958); *Nichol-*

son v. Copperweld, 77 Ohio St.3d 193, 672 N.E.2d 657 (1996); Simmons v.. University of Texas, 706 S.W.2d 752 (Tex.Ct.App. 1986); Powell v.. Dept. of Labor, 79 Wash.2d 378, 485 P.2d 990 (1971). As stated by the leading treatise on workers' compensation, the general rule is that "the right to receive future workers' compensation benefits is not inheritable. However, accrued but unpaid benefits are inheritable." 4 Arthur Larson, Larson's Workers' Compensation Law, §§ 89, 89.05 (2001).

We are not unmindful of the challenges some employers may face in defending claims where the employee has died. After all, the key witness is no longer available. Thus, it may be difficult or even impossible in some cases to fully explore issues such as causation and extent of disability. Yet, these same challenges will be faced by the employee's personal representative, so neither party should enjoy an advantage over the other. Indeed, it may be impossible in some cases following the worker's death to determine whether he or she is entitled to any benefits. Such is not the situation here, however, where there are medical and lay depositions, namely the employee's, in which he details the factual circumstances surrounding his injury, how the injury impacted his ability to earn a living and his daily activities, his medical condition, his work history, and his financial circumstances. If needed, additional evidence may be taken, such as the testimony of other health care providers, co-workers, and family members. Of course, the burden will be on the employee to prove what, if any, benefits he or she is entitled to receive.

### Conclusion

In view of the foregoing discussion, we hold that a worker's personal representative may recover benefits on behalf of the deceased employee from the time of injury to the time of death, even though the worker's death was unrelated to the employment. Thus, workers' compensation claims do not terminate upon the nonwork-related death of the employee merely because the claim has not been adjudicated prior to the worker's death. If the employee is able to furnish enough evidence to satisfy the requisite burden of proof establishing the claim, benefits may be awarded until the time of death. Accordingly, the rule in Moore is limited to cases involving unadjudicated claims payable after death.

· The judgment of the trial court is reversed and the case remanded for proceedings consistent with this opinion. Costs of this appeal are taxed to the employer, Cheatham County Highway Department.