ACCEPTED
15-24-00017-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
2/27/2025 12:42 PM
CHRISTOPHER A. PRINE
CLERK

# No. 15-24-00017-CV

In the Court Of Appeals for the Fifteenth District Of Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
2/27/2025 12:42:00 PM
CHRISTOPHER A. PRINE
Clerk

All Star Imports, Inc. d/b/a World Car Mazda North,
*Appellant and Cross-Appellee,*

v.

Mazda Motor of North America, Inc. a/k/a Mazda Motor of America, Inc., *Cross-Appellant and Appellee,*

v.

Board of the Texas Department of Motor Vehicles,
*Appellee and Cross-Appellee.*

---

Appeal from No. D-1-GN-23-005034, 345th Judicial District Court, Travis County

---

Mazda's Combined Appellee's Brief and Cross-Appellant's Reply Briefs (to World Car North and The Board)

---

Brit T. Brown
brit.brown@akerman.com
Texas Bar No. 03094550
Benjamin A. Escobar, Jr.
benjamin.escobar@akerman.com
Texas Bar No. 00787440
Akerman LLP
1300 Post Oak Blvd., Suite 2300
Houston, Texas 77056-3000
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

Jeff Nobles
jeff.nobles@huschblackwell.com
Texas Bar No. 15053050
Husch Blackwell LLP
600 Travis Street, Suite 2350
Houston, Texas 77002
Telephone: (713) 647-6800
Facsimile: (713) 647-6884

Attorneys For Mazda Motor of North America, Inc. a/k/a Mazda Motor of America, Inc.

# TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................ii

INDEX OF AUTHORITIES ........................................................................iv

STATEMENT OF FACTS ..............................................................................1

SUMMARY OF THE ARGUMENT ............................................................1

ARGUMENT ...................................................................................................3

I.   As used in the APA, the word "act" has a particular
     meaning. ................................................................................................3

     A.   The technical and particular meaning of an "act" of an
          administrative board must be followed by this Court...........3

     B.   An "act" of the Board is a quasi-judicial act that does
          not occur unless the Board follows the APA..........................4

     C.   The Board's quasi-judicial "acts" are different from the
          "acts" of its members and staff. ..............................................6

     D.   The Board failed to follow the steps required by the
          Government Code........................................................................7

          1.   The first step is for the members of the Board to
               vote. ....................................................................................7

          2.   The Board did not follow the required steps of
               writing, signing, and serving an order. ........................8

          3.   The Board failed to comply with section 2001.144
               of the APA, which limits its jurisdiction. .....................9

          4.   The Board failed to timely "act" as required by
               section 2001.146.............................................................10

II.  WC North's other arguments are groundless.............................12

     A.   WC North's remaining argument as an appellant is not
          supported by authority............................................................12

     B.   WC North's arguments as a cross-appellee are
          groundless. ...............................................................................13

          1.   The votes of the individual members were not
               "acts" of the Board.........................................................13

2. WC North's distinctions of the relevant cases are not on point. ................................................................. 15

3. There is no injustice in enforcing the statutes limiting the Board's jurisdiction. ................................. 17

PRAYER .................................................................................. 18

CERTIFICATE OF COMPLIANCE ..................................................... 20

CERTIFICATE OF SERVICE .............................................................. 20

# INDEX OF AUTHORITIES

**Page(s)**

Cases

*8 Mile Park, L.P. v. Tex. Comm'n on Envtl. Quality,*
No. 03-16-00236-CV, 2016 WL 4628070
(Tex. App.—Austin Aug. 31, 2016, pet. denied) ........................... 17, 18

*Baker v. Bizzle,*
687 S.W.3d 285 (Tex. 2024) .............................................. 6, 8, 9, 12, 17

*Caldwell v. Tex. Bd. of Law Examiners,*
No. 03-21-00125-CV, 2023 WL 2976580
(Tex. App.—Austin Apr. 18, 2023, pet. denied) ................................. 15

*Jones v. State Bd. of Educ.,*
315 S.W.2d 237 (Tex. App.—Austin 2010, pet. denied) ..................... 12

*Jones v. State Bd. of Educator Certification,*
315 S.W.3d at 243) .............................................................................. 18

*Oncor Elec. Delivery Co. NTU, LLC v. Wilbarger Cnty. Appraisal Dist.,*
691 S.W.3d 890 (Tex. 2024) ................................................................. 5

*REME, L.L.C., v. State of Texas,*
No. 23-0707, 2025 WL 567970 (Tex. Feb. 21, 2025) ............................ 4

*State Bd. of Ins. v. Prof'l & Bus. Men's Ins. Co.,*
359 S.W.2d 312 (Tex. App.—Austin 1962, writ ref'd n.r.e.) .................. 5

*State v. Thomas,*
766 S.W.2d 217 (Tex. 1989) ................................................................. 5

*Taxpayers for Sensible Priorities v. City of Dallas,*
79 S.W.3d 670 (Tex. App.—Dallas 2002, pet. denied) ........................ 16

*Webster v. Texas & Pacific Motor Transport Co.,*
166 S.W.2d 131 (Tex. 1942) ............................................................... 15

## Statutes

TEX. GOV'T CODE § 2001.141.............................................................8, 16

TEX. GOV'T CODE § 2001.142.............................................................8, 16

TEX. GOV'T CODE § 2001.144..............................................................9, 12

TEX. GOV'T CODE § 2001.144(a)(2)(A) ....................................................10

TEX. GOV'T CODE § 2001.144(a)(2)(B) ......................................................9

TEX. GOV'T CODE § 2001.146.............................................................7, 10

TEX. GOV'T CODE § 2001.146(c).............................................................10

TEX. GOV'T CODE § 2001.146(e).............................................................11

TEX. GOV'T CODE § 311.011(b) ...............................................................4

TEX. OCC. CODE § 2301.709(c) ...............................................................7

TEX. TRANSP. CODE § 1001.021...............................................................7

## Rules

TEX. R. APP. P. 38.1(i) ...........................................................................13

## RESPONSE TO ISSUES PRESENTED

The voting by individual members of the Board of the Texas Department of Motor Vehicles did not extend the Board's jurisdiction and was not an "act" of the Board, because the Board did not timely take the additional steps required by statute: (1) writing an order; (2) signing an order; and (3) serving the order. Therefore, the motions for rehearing were overruled by operation of law.

TO THE HONORABLE FIFTEENTH COURT OF APPEALS:

This brief responds and replies to the arguments about jurisdiction found in the following briefs in this appeal:

(1) World Car North's Brief of Appellant ("WC North App. Br."), filed November 22, 2024;

(2) The Brief of the Board of the Texas Department of Motor Vehicles ("Board Br."), filed January 24, 2025; and

(3) World Car North's Brief of Cross-Appellee ("WC North Cross Br."), filed January 30, 2025.

The arguments in those three briefs, though filed by two different parties, are short and similar. To reduce the number of briefs filed and to keep matters brief, Mazda respectfully files this combined brief.

## STATEMENT OF FACTS

Mazda incorporates the statement of facts from its Cross-Appellant's Brief, filed November 22, 2024.

## SUMMARY OF THE ARGUMENT

There is no precedent for the arguments by the Board, endorsed by WC North, that the Board timely granted the parties motions for rehearing by polling its members without taking the further steps necessary under the governing statute: (1) writing an order; (2) signing an order; and (3) serving an order. The Board lost jurisdiction before it

took the steps required by the Texas Administrative Procedure Act ("APA"), just as the plenary jurisdiction of a Texas trial court would expire if it did not sign a timely order granting a motion for new trial at the end of its plenary jurisdiction. The unprecedented arguments offered by the Board and WC North were invented for this appeal, because necessity is the mother of invention. This Court should not adopt those newly invented arguments.

Under Texas law, an administrative agency cannot issue an order, including the granting of a motion for rehearing, without following the steps required by the APA. The APA requires several steps before an order granting rehearing becomes an order of the Board: (1) a vote by a quorum of the Board; (2) reducing the results of the voting to a written order; (3) signing the order by an authorized representative of the Board; and (4) serving the order on the parties by electronic or other proper means. It is undisputed that of these four steps, only the first step occurred before the Board lost jurisdiction by operation of law. The trial court erred by sustaining the Board's plea to the jurisdiction.

## ARGUMENT

The jurisdictional arguments in this case were offered by the Board in its plea to the jurisdiction. In general, WC North does not speak for itself on the question of jurisdiction. Instead, its briefs echo the arguments of the Board. For simplicity and brevity, in this brief Mazda will combine its answers to the arguments offered by the Board, echoed by WC North.

## I.    As used in the APA, the word "act" has a particular meaning.

Both the Board and WC North offer interpretations of the meaning of the word "act" in section 2001.146(c) of the Texas Government Code, which provides: "A state agency shall act on a motion for rehearing not later than the 55th day after the date the decision or order that is the subject of the motion is signed or the motion for rehearing is overruled by operation of law."

### A.    The technical and particular meaning of an "act" of an administrative board must be followed by this Court.

The Board argues that "act" is not defined by statute and should be given its "plain and common meaning." Board Br. 6-7. It cites three dictionaries and suggests "to act" means "to do something: to take action." *Id*. at 8.

Whether the word "act" is defined by the Government Code is not the test. According to the Government Code itself: "Words and phrases that have acquired a technical or particular meaning, *whether by legislative definition or otherwise*, shall be construed accordingly." TEX. GOV'T CODE § 311.011(b) (emphasis added). The Texas Supreme Court summarized those principles just last Friday, February 21, 2025:

> When interpreting statutes, we look to the plain meaning of the enacted text and apply that plain meaning "unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results." *We examine the technical or particular meaning the words have acquired and consider specific statutory language in context, "looking to the statute as a whole."*

*REME, L.L.C., v. State of Texas*, No. 23-0707, 2025 WL 567970, at *2 (Tex. Feb. 21, 2025) (emphasis added). Therefore, whether the Government Code defines "act" is not dispositive.

## B. An "act" of the Board is a quasi-judicial act that does not occur unless the Board follows the APA.

WC North cites two more dictionaries, including Black's Law Dictionary. WC North asserts that Black's Law Dictionary states that an act is "[s]omething done or performed. *Act*, Black's Law Dictionary (12th ed. 2024)." WC North Br. at 14. WC North's quotation of Black's is selective and incomplete.

4

Black's actually offers a four-page definition of "act" that includes dozens of different meanings. *See* Appendix 1 (App. 1), attached to this brief at Tab 1. Depending on the context in which it is used, "act" has dozens of different meanings. In the context of action by an administrative agency, an "act" is a "quasi-judicial act":

> **quasi-judicial act** (1840)  **1.** A judicial act[1] performed by an official who is not a judge. **2.** An act performed by a judge who is not acting entirely in a judicial capacity. See *judicial act* under act (2).

*Quasi-Judicial Act,* Black's Law Dictionary (12th ed. 2024) (App. 2).

Administrative agencies fulfill a quasi-judicial function in contested cases. *See Oncor Elec. Delivery Co. NTU, LLC v. Wilbarger Cnty. Appraisal Dist.*, 691 S.W.3d 890, 905 (Tex. 2024) (discussing quasi-judicial function of administrative bodies).*State v. Thomas*, 766 S.W.2d 217, 219 (Tex. 1989) (in contested cases, administrative agencies perform a quasi-judicial function); *State Bd. of Ins. v. Prof'l & Bus. Men's Ins. Co.*, 359 S.W.2d 312, 318 (Tex. App.—Austin 1962, writ ref'd n.r.e.) (same).

---

[1] A "judicial act" is "An act involving the exercise of judicial power – Also termed *act of court*." *Act*, Black's Law Dictionary. (App. 1).

5

## C. The Board's quasi-judicial "acts" are different from the "acts" of its members and staff.

The exercise of judicial power by a court or quasi-judicial power by an agency has a particular meaning that is different from the ordinary "acts" that any other individual or entity can perform. Recent Texas Supreme Court precedent confirms this. *Baker v. Bizzle*, 687 S.W.3d 285, 291–92 (Tex. 2024) (holding that a private email to the parties was not an act that resulted in a judgment).

In *Baker v. Bizzle*, the Court engaged in an exacting analysis of the specific judicial and clerical acts required for a final judgment:

> Reducing a decision to final judgment has three phases: (1) rendition; (2) signing; and (3) entry. Rendition and signing are judicial acts that can, but need not, occur at the same time. Entry, on the other hand, is a clerical act undertaken by the clerk of the court. A judgment's "rendition" is "the judicial act by which the court settles and declares the decision of the law upon the matters at issue."

*Id.* Here, the Board fulfilled a quasi-judicial role when it issued its orders in this contested case, analogous to the judicial role analyzed in *Baker v. Bizzle*.

**D. The Board failed to follow the steps required by the Government Code.**

The Board argues, and WC North concurs:

> Due to the broad definition of "act," the TXDMV acted under Texas Government Code section 2001.146(c) when the Board voted by email to grant the motions for rehearing.

Board Br. at 8; WCN App. Br. at 16, WCN Cross Br. 8-9. This argument conflicts with the text of the relevant Government Code provisions, including section 2001.146 itself.

The Government Code includes a series of provisions that govern the requirements the Board must follow to "act" on a motion for rehearing. Each of them precludes the argument that "act" has no particular meaning.

**1. The first step is for the members of the Board to vote.**

To adopt a final decision or order of the Board, a majority vote of a quorum of the Board is required. TEX. OCC. CODE § 2301.709(c) (App. 3). The board consists of nine members appointed by the governor with the advice and consent of the senate. TEX. TRANSP. CODE § 1001.021. This means five votes of the nine board members is required to adopt a Board order.

7

## 2. The Board did not follow the required steps of writing, signing, and serving an order.

A vote by five members, however, is only one of the steps involved in adopting an order granting rehearing. In addition to the board members' ***decision-making process*** which culminates in their ***individual vote***, the Board's order remains contingent on the further acts of reducing the order to writing, signing it, and providing notice to the parties:

- ***Writing and signing.*** The order must then be reduced to writing and signed by a person authorized by the agency to sign the agency decision or order. TEX. GOV'T CODE § 2001.141 (App. 4).

- ***Notice.*** The agency must then notify each party to a contested case using electronic means or another approved method of service. TEX. GOV'T CODE § 2001.142 (App. 5).

These three phases—(1) decision-making, (2) writing and signing, and (3) notice—mirror the three phases that the Texas Supreme Court recognized for final judgments in *Baker v. Bizzle*. 687 S.W.3d 291 (rendition, signing, entry).

Unless all three of those phases have transpired, there is no final judgment. The Court held that the entry of a judgment is an indispensable requirement: "Public pronouncement of the trial court's

8

decision is not a mere formalism but, rather, an official judicial action affording the decision legal significance." *Id*. at 295.

This analysis applies here. Each of the three phases—decision-making and voting, writing and signing, and serving notice—must be completed before the Board has performed the quasi-judicial act of issuing an order. None of the three phases "is a mere formalism but, rather, an official [quasi-judicial] action affording the decision legal significance." *Id*.

### 3. The Board failed to comply with section 2001.144 of the APA, which limits its jurisdiction.

Other provisions of the Government Code confirm that each of these three phases must occur before a decision has legal and jurisdictional significance. A decision or order in a contested case is final, if a motion for rehearing is timely filed, on the date: (A) the order overruling the latest filed motion for rehearing is signed; or (B) the latest filed motion for rehearing is overruled by operation of law. TEX. GOV'T CODE § 2001.144(a)(2)(A) and (B) (App. 6).

Section 2001.144 is a jurisdictional provision that defines the Board's jurisdictional time limits. After a Board votes to overrule rehearing, its order does not take effect until "the order overruling the

9

latest filed motion for rehearing is signed." TEX. GOV'T CODE § 2001.144(a)(2)(A). If the Board does not timely rule, the motion for rehearing is overruled by operation of law. TEX. GOV'T CODE § 2001.144(a)(2)(A). Neither of these conditions is satisfied by a mere vote, unless an order is then signed, or after rehearing is overruled by operation of law.

### 4. The Board failed to timely "act" as required by section 2001.146.

Section 2001.146 is the focus of the Board's argument that the word "act" has no particular meaning. Board Br. at 6-10. WC North echoes the Board's position. The text of section 2001.146 itself proves them wrong.

Section 2001.146 states:

> A state agency shall act on a motion for rehearing *not later than the 55th day* after the date the decision or order that is the subject of the motion is signed or the motion for rehearing is overruled by operation of law.

TEX. GOV'T CODE § 2001.146(c) (emphasis added) (App. 7).

Here, the word "act" has two legally significant meanings. When a motion for rehearing is filed, there are two different actions the Board may take that will prevent the motion from being overruled by operation of law.

10

First, the Board has the option of granting the motion "not later than the 55th day" after the challenged order was signed. *Id*. Because the Board is required to deliberate and vote, write and sign an order, and serve it on the parties, there is no reasonable interpretation of this provision that would allow an individual vote to satisfy the jurisdictional deadline simply by conducting a vote.

There is a second "act" the Board can perform to abate the 55-day deadline: by extending the deadline. The statute authorizes such an extension:

> A state agency or a person authorized to act for the agency may, on its own initiative or on the motion of any party for cause shown, by written order extend the time for … agency action under this section, provided that the agency or person extends the time or takes the action not later than the 10th day after the date the period for … taking agency action expires. An extension may not extend the period for agency action beyond the 100th day after the date the decision or order that is the subject of the motion is signed.

TEX. GOV'T CODE § 2001.146(e).

Under this statutory provision, the Board had the power to extend the deadline for granting rehearing, so long as it issued a written order no later than the 10th day following the 55-day deadline for granting the motion for rehearing. Under Third Court precedent, however, the Board

11

was required to act on or before the date the motion for rehearing was overruled by operation of law. *Jones v. State Bd. of Educ.*, 315 S.W.2d 237, 243 (Tex. App.—Austin 2010, pet. denied). Here, the Board never acted to extend the deadline for acting on the motion for rehearing.

Under sections 2001.144 and 2001.146, the motions for rehearing were overruled by operation of law on the 55th day. The Board did not complete the steps necessary to grant relief on or before that day, by issuing an order granting rehearing or extending the deadline, *i.e.*, by issuing a written, signed order and serving it on the parties before that day. These steps are not mere formalisms but, rather, an official quasi-judicial action affording the decision legal significance. *See Baker v. Bizzle*, 687 S.W.3d at 295.

## II. WC North's other arguments are groundless.

WC North raises other arguments that require only a brief response.

### A. WC North's remaining argument as an appellant is not supported by authority.

WC North argues, in its opening brief, that (1) Mazda's petition for review in the trial court was not timely filed and (2) the trial court, not

12

this Court, should entertain Mazda's notice of removal. WC North Appellant Br. at 17-19.

These arguments do not include supporting legal authorities and should not be considered at this time. TEX. R. APP. P. 38.1(i). Because they are conditioned on the outcome of the pending appeal, it is premature to consider them.

## B. WC North's arguments as a cross-appellee are groundless.

WC North also raises four short arguments in its cross appellee's brief. WCN Cross Br. at 5-12. Only a short response is necessary.

### 1. The votes of the individual members were not "acts" of the Board.

First, WC North argues that the Board "acted" because the members of the Board "*actually voted* to grant rehearing—and *by a majority*—before the operation-of-law date." WCN Cross Br. 7. Second, and relatedly, it argues that the individual votes of the board members from remote places should count as "acts" of the Board. WCN Cross Br. 7-9.

As Mazda has argued above, the Board's quasi-judicial act require it to comply with the text of the governing statutes, which leave no room for the Board to "act" individually rather than following the required

13

steps of decision-making, writing and signing an order, and signing the order. Within any judicial or quasi-judicial entities, individual decision-makers and their staff perform "acts" in their processes that are not judicial or quasi-judicial acts.

For example, within a court of appeals, there are many "acts" involved in issuing a judgment. Court clerks handle case intake. Individual justices and their legal staff review the record and the briefs, conduct legal research, prepare memoranda, and draft opinions. The individual justices form tentative decisions and meet to discuss their views. Eventually, each justice reaches a decision on the proper result and the panels agree on a final opinion and any separate concurrences or dissents. But the Court does not issue an opinion or judgment until the final opinion is written and signed and those documents are published by the clerk's office. Those three steps—decision-making, writing and signing, and publication—parallel the steps required by any judicial or quasi-judicial entity. At any time before publication, the outcome is tentative and may change.

Under Texas law, an entity must go through this full process before it executes a judicial or quasi-judicial act. For the "act" of an

14

administrative board to be valid, the board must act as a body. Consent or acquiescence of the individual members does not bind the board unless the board has acted as a body.

> The purpose of the rule [requiring] the board to act as a body at a regular meeting or at a called meeting, upon proper notice, is to afford each member of the body an opportunity to be present and to impart to his associates the benefit of his experience, counsel, and judgment, and to bring to bear upon them the weight of his argument on the matter to be decided by the Board, in order that the decision, when finally promulgated, may be the composite judgment of the body as a whole.

*Webster v. Texas & Pacific* Motor *Transport Co.*, 166 S.W.2d 131, 135 (Tex. 1942).

Here, the individual votes of the members of the Board did not represent the "composite judgment of the body as a whole" until they were counted, reduced to writing, signed, and served. Before an order was served, the Board's action was preliminary, private, and subject to change. The votes of the individual members were not "acts" of the Board.

### 2. WC North's distinctions of the relevant cases are not on point.

Next, WC North devotes three paragraphs to distinguishing cases cited in Mazda's opening brief: *Webster v. Texas & Pacific* Motor *Transport Co.*, 166 S.W.2d 131; *Caldwell v. Tex. Bd. of Law Examiners*,

15

No. 03-21-00125-CV, 2023 WL 2976580 (Tex. App.—Austin Apr. 18, 2023, pet. denied); *Taxpayers for Sensible Priorities v. City of Dallas*, 79 S.W.3d 670 (Tex. App.—Dallas 2002, pet. denied). Each of these cases applies the general rule that a governmental entity, including an administrative board, "acts" only as a body and that the individual acts of its members do not qualify as an official acts of the entity.

WC North argues that this case is distinguishable because, unlike those, the Board followed a "statutorily approved process." WC North Cross Br. at 10-11. But that is not true. The problem here is not that the members of the Board did not follow the correct process for registering their votes on the parties' motions for rehearing; the problem is that the Board did not *complete* the statutorily approved process for granting motions for rehearing. The Board, through its members and staff, was then required to reduce its order to writing, have it signed by an authorized person, and serve notice to the parties. TEX. GOV'T CODE §§ 2001.141, 2001.142.

None of these additional requirements were fulfilled before the motions for rehearing were overruled by operation of law and the Board lost jurisdiction. The individual acts that preceded these missing steps

16

do not qualify as an "act" of the Board, as the Government Code requires for a final order granting rehearing. These missing steps are "not a mere formalism but, rather, an official [quasi-]judicial action affording the decision legal significance." *Baker v. Bizzle*, 687 S.W.3d at 295 (Tex. 2024).

### 3. There is no injustice in enforcing the statutes limiting the Board's jurisdiction.

Finally, WC North pleads that "there would be injustice here from denying the effect of the Board's majority vote to grant rehearing." WC North Cross Br. at 11. Mazda disagrees. WC North has been proved to have engaged in practices arising from its failure to service defective airbags that had been widely recalled, and to have fraudulently received payments for services it did not perform. It seeks a complete do-over before the Board. Mazda does not seek a do-over, which would be unjust.

There is no injustice in enforcing the statutes that prescribe the limits and duration of the Board's jurisdiction. *See 8 Mile Park, L.P. v. Tex. Comm'n on Envtl. Quality*, No. 03-16-00236-CV, 2016 WL 4628070, at *1 (Tex. App.—Austin Aug. 31, 2016, pet. denied). In administrative appeals, the interests of the parties and the public depend on "mandatory

adherence" to the time limits specified in the Texas Administrative Procedure Act.

As the Third Court has repeatedly held:

> We note the importance of construing the APA to allow parties to rely on the finality of agency decisions, and without a mandatory adherence to the time limits specified in the APA, the finality of administrative agency decisions would be uncertain and not in the public interest.

*Id.* (quoting *Jones v. State Bd. of Educator Certification*, 315 S.W.3d at 243) (cleaned up). In administrative litigation, there will always be disputes over fairness, but the interests of finality are paramount when an agency's jurisdiction has ended.

## PRAYER

For these reasons, Mazda requests that this Court reverse the trial court's order granting the Board's plea to the jurisdiction. Mazda further requests all other relief it is entitled to receive from this Court.

Respectfully submitted,

*/s/ Brit T. Brown*
Brit T. Brown
Brit.brown@akerman.com
Texas Bar No. 03094550
Benjamin A. Escobar, Jr.
Benjamin.escobar@akerman.com
Texas Bar No. 00787440
AKERMAN LLP
1300 Post Oak Blvd., Suite 2300
Houston, Texas 77056
Telephone: (713) 623-0887
Fax: (713) 960-1527

Jeff Nobles
jeff.nobles@huschblackwell.com
Texas Bar No. 15053050
HUSCH BLACKWELL LLP
600 Travis Street, Suite 2350
Houston, Texas 77002
Telephone: 713-647-6800
Fax: 713-647-6884

ATTORNEYS FOR APPELLEE/CROSS-
APPELLANT, MAZDA MOTOR OF NORTH
AMERICA, INC. A/K/A MAZDA MOTOR OF
AMERICA, INC.

19

# CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Texas Rule of Appellate Procedure 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Rule 9.4(i)(2)(D), if applicable, because it contains 4,609 words, excluding any parts exempted by Rule 9.4(i)(1).

/s/ Jeff Nobles
Jeff Nobles

# CERTIFICATE OF SERVICE

I certify that this document was electronically filed with the Clerk of the Court using the electronic case filing system. A true and correct copy was served on the counsel of record listed below on February 27, 2025:

Jeffrey L. Oldham
jeff.oldham@bracewell.com
Walter A. Simons
walter.simons@bracewell.com
BRACEWELL LLP
711 Louisiana St., Ste. 2300
Houston, Texas 77002

Jarod R. Stewart
jstewart@steptoe.com
Austin Kreitz
akreitz@steptoe.com
STEPTOE, LLP
717 Texas Ave., Ste. 2800
Houston, Texas 77002

*Counsel for Appellant All Star Imports, Inc. d/b/a World Car Mazda North*

OFFICE OF THE ATTORNEY GENERAL
Ken Paxton, Attorney General
Brent Webster
James Lloyd
Ernest C. Garcia
Kathy Johnson
kathy.johnson@oag.texas.gov
P.O. Box 12548
Capital Station
Austin, Texas 78711

*Counsel for Appellee Board of the Texas Department of Motor Vehicles*

/s/ Jeff Nobles
Jeff Nobles

20

# Appendix 1

Black's Law Dictionary (12th ed. 2024), act

ACT

Bryan A. Garner, Editor in Chief

**act** *n.* (14c) **1.** Something done or performed, esp. voluntarily; a deed. • Can an omission be an act? In criminal law, yes. Although most crimes are committed by affirmative acts, a failure to act may result in criminal liability if three requirements are met: (1) the defendant had a legal duty to act, usually arising from a statute, a contract, a relationship (e.g., parent-child or spouse-spouse), the voluntary assumption of care by the defendant for the victim, or the creation of a peril by the defendant; (2) the duty arose when the defendant was aware of the facts creating the duty to act, as when a parent knows that his or her child is drowning; and (3) the defendant had the reasonable possibility of performing the duty, as when the parent was fully capable of swimming. Even something as static or passive as possession of a substance can be an act in criminal law: possession of contraband can be an act if the defendant knowingly had control of the item long enough to have had the opportunity to terminate the possession. — Also termed *action.*

"'[A]ct' or 'action' means a bodily movement whether voluntary or involuntary …" Model Penal Code § 1.13.

**2.** The process of doing or performing; an occurrence that results from a person's will being exerted on the external world; action (1). — Also termed *positive act*; *act of commission.*

"The term act is one of ambiguous import, being used in various senses of different degrees of generality. When it is said, however, that an act is one of the essential conditions of liability, we use the term in the widest sense of which it is capable. We mean by it any event which is subject to the control of the human will. Such a definition is, indeed, not ultimate, but it is sufficient for the purpose of the law." John Salmond, *Jurisprudence* 367 (Glanville L. Williams ed., 10th ed. 1947).

"The word 'act' is used throughout the Restatement of this Subject to denote an external manifestation of the actor's will and does not include any of its results, even the most direct, immediate, and intended." Restatement (Second) of Torts § 2 (1965).

- **abstract juridical act** (1994) *Civil law.* A juridical act whose validity may be independent of the existence or lawfulness of the underlying cause. • In some systems, examples include negotiable instruments, debt remission, debt acknowledgment, and the novation of an obligation. See *juridical act.*
- **act *in pais*** (in **pay**) [Law French] (1789) *Archaic.* An act performed out of court, such as a deed made between two parties on land being transferred. See in pais.
- **act in the law** (1829) An act that is intended to create, transfer, or extinguish a right and that is effective in law for that purpose; the exercise of a legal power. — Also termed *juristic act*; *act of the party*; *legal act.*
- **act of bankruptcy** (17c) An insolvent debtor's act that renders the debtor liable to involuntary bankruptcy proceedings, esp. for concealing, removing, or disposing of property to defraud creditors. • The 1978 Bankruptcy Reform Act abolished this requirement as a condition to an involuntary bankruptcy proceeding.
- **act of court** See act of court.
- **act of God** See act of god.

- **act of grace** (16c) *Archaic.* An executive or legislative act pardoning one or more people who have offended against the law; esp., such a pardon performed at the beginning of a monarch's reign or on some other significant occasion. Cf. legislative grace; matter of grace.
- **act of honor** See act of honor.
- **act of hostility** See act of hostility.
- **act of law** See *act of the law.*
- **act of nature** (16c) **1.** act of god. **2.** vis major. **3.** Anything that occurs naturally, whether harmful or not.
- **act of omission** See *negative act.*
- **act of petition** See act of petition.
- **act of possession** See act of possession.
- **act of providence** **1.** act of god. **2.** vis major.
- **act of the law** (17c) The creation, extinction, or transfer of a right by the operation of the law itself, without any consent on the part of the persons concerned. — Also termed *legal act*; *act of law.* Cf. legal act.
- **act of the party** See *act in the law.*
- **act of war** (17c) *Int'l law.* An act considered sufficient cause for hostilities; act of hostility.
- **administrative act** (1818) An act made in a management capacity; esp., an act made outside the actor's usual field (as when a judge supervises court personnel). • An administrative act is often subject to a greater risk of liability than an act within the actor's usual field. See immunity (1).
- **authorized act** (1798) *Agency.* An undertaking sanctioned by a principal, esp. an employer, or necessarily involved in the performance of an agent's duties.
- **bilateral act** (1880) An act that involves the consenting wills of two or more distinct parties, as with a contract, a conveyance, a mortgage, or a lease; agreement (1).
- **continuing act** (17c) An act that one maintains or persists in over some duration, such as wrongful imprisonment.
- **conversionary act** (1959) An act that, unless privileged, makes the actor liable for conversion.
- **criminal act** (1741) A unlawful act that subjects the actor to prosecution under criminal law.
- **external act** (16c) An act involving bodily activity, such as speaking.
- **intentional act** (17c) An act resulting from the actor's will directed to that end. • An act is intentional when it is foreseen and desired by the doer, and this foresight and desire resulted in the act through the operation of the will.
- **internal act** (16c) An act of the mind, such as thinking.
- **involuntary act** (16c) An unwilled bodily movement; an act in which there is neither choice nor intention.

> "Involuntary action is action in which there is no choice or no intention. A man in a convulsion fit, a person walking in his sleep, a person whose face changes its expression and whose heart beats violently under the influence of passion supply cases of involuntary action. No involuntary action is a crime." James Fitzjames Stephen, *A General View of the Criminal Law of England* 69 (2d ed. 1890).

- **judicial act** (16c) An act involving the exercise of judicial power. — Also termed *act of court.* Cf. *legislative act*; quasi-judicial act.

> "The distinction between a judicial and a legislative act is well defined. The one determines what the law is, and what the rights of parties are, with reference to transactions already had; the other prescribes what the law shall be in future cases arising under it." *Union Pacific R.R. v. U.S.*, 99 U.S. 700, 721 (1878) (Field, J., dissenting).

- **jural act** (**joor**-əl) (1856) An act taken in the context of or in furtherance of a society's legal system. — Also termed *jural activity.*

> "In order to identify an act as a jural act, it must be the kind of act that would be engaged in by someone who is enforcing a law, determining an infraction of the law, making or changing a law, or settling a dispute." Martin P. Golding, *Philosophy of Law* 23 (1975).

- **juridical act** (17c) *Civil law.* A lawful volitional act intended to have legal consequences. See *abstract juridical act.*

- **juristic act** (1880) See *act in the law.*

- **legal act** See legal act.

- **legislative act** (17c) See act (3). Cf. *judicial act.*

- **malicious act** See malicious act.

- **ministerial act** (18c) An act performed without the independent exercise of discretion or judgment. • If the act is mandatory, it is also termed *ministerial duty.* See *ministerial duty* under duty (2).

- **negative act** (17c) The failure to do something that is legally required; a nonoccurrence that involves the breach of a legal duty to take positive action. • This takes the form of either a forbearance or an omission. — Also termed *act of omission.* Cf. *positive act.*

- **negligent act** (18c) An act that creates an unreasonable risk of harm to another.

- **new intervening act** See *intervening cause* under cause (1).

- **overt act** See overt act.

- **positive act** (17c) **1.** An act of commission, as distinguished from an act of omission. Cf. *negative act.* **2.** overt act.

- **predicate act** See predicate act.

- **quasi-judicial act** See quasi-judicial act.

- **terrorist act** (1850) **1.** A threat or act of violence calculated to attain a political, religious, or ideological end, as by attempting to coerce or intimidate a civilian population or a government in order to change government policy, affect the conduct of a government, or retaliate in some way. **2.** A threat to lock down, destroy, or impair the contents of a computer network, esp. that of a business or government agency, unless specific demands are met. — Also termed *terroristic act.* See *cyberterrorism* under terrorism.

- **tortious act** (17c) An act that subjects the actor to liability under the principles of tort law.

- **unilateral act** (1850) An act in which there is only one party whose will operates, as in a testamentary disposition, the exercise of a power of appointment, or the voidance of a voidable contract.

- **unintentional act** (1816) An act not resulting from the actor's will toward what actually takes place.

- **unlawful and dangerous act** (1842) Any legally forbidden act that exposes another person to a risk of serious injury.

- **verbal act** (18c) **1.** An act performed through the medium of words, either spoken or written. **2.** *Evidence.* A statement offered to prove the words themselves because of their legal effect (e.g., the terms of a will). • For this purpose, the statement is not considered hearsay.

- **voluntary act** (16c) A willed bodily movement; esp., the type of act that is necessary for the imposition of criminal liability when such liability is not predicated on an omission. • Under both the common law and the Model Penal Code, a person cannot be held liable for a crime without engaging in a prohibited voluntary act or omission. A bodily movement that is a product of the effort or determination of the actor, either conscious or habitual, is a voluntary act. Reflexes, convulsions, and movements made while unconscious, asleep, or under the influence of hypnosis are not voluntary acts. Model Penal Code § 2.01. Cf. actus reus.

> "Voluntary and involuntary actions are contradictory, but voluntary action may be either compulsory or free. To walk to the gallows is a voluntary act done under the strongest compulsion. When a thirsty man drinks, he acts freely. It will thus be seen that in the case of voluntary actions freedom is the general rule, and compulsion the rare exception, for no one would be said to be compelled unless he was under the influence of motives at once terrible and powerful, which is rarely the case." James Fitzjames Stephen, *A General View of the Criminal Law of England* 69 (2d ed. 1890).

> "A person is not guilty of an offense unless his liability is based on conduct which includes a voluntary act or the omission to perform an act of which he is physically capable." Model Penal Code § 2.01(1).

- **wrongful act** (1764) An act that harms another in the absence of any privilege or justification; esp., tort (1). See *wrongful conduct* under conduct.

**3.** The formal product of a legislature or other deliberative body exercising its powers; esp., statute. • For the various types of acts, see the subentries under statute.

- **act of adjournal** See act of adjournal.
- **act of assembly** See act of assembly.
- **act of attainder** See bill of attainder.
- **act of Congress** See act of congress.
- **act of indemnity** See act of indemnity.
- **act of legislation** See act of legislation.
- **act of Parliament** See act of parliament.
- **act of Parliament of Scotland** See act of parliament of scotland.
- **act of sederunt** See act of sederunt.
- **amending act** See *amending statute* under statute.
- **cognate act** (1847) A statute whose subject-matter is related to that of another, esp. when the two statutes were enacted at about the same time. See in pari materia.
- **general act** See public law (2).
- **principal act** See *principal statute* under statute.
- **private act** See *special statute* under statute.
- **public act** See public law (2).
- **reprinted act** (1927) A version of a statute or legislative instrument that includes all amendments made to it as of the date the version is published.
- **special act** See *special statute* under statute.

**4.** A writing; esp., a legal instrument.

- **act under private signature** (1802) *Civil law.* A legal instrument signed without the aid or supervision of a notary or other public authority. • Although the instrument need not be written by the parties, it must be signed by them. La. Civ. Code art. 1837.
- **act under private signature duly acknowledged** (1900) *Civil law.* A signed legal instrument that is acknowledged by the signer, who recognizes the signature as his or her own before a court, or before a notary public or other officer authorized to perform that function, in the presence of two witnesses. La. Civ. Code art. 1836.
- **authentic act** (17c) *Civil law.* **1.** A writing signed before a notary public or other public officer. • Under Louisiana law, the writing must not only be notarized but also be attested by two witnesses. La. Civ. Code art. 1833. **2.** A certified copy of a writing.

Westlaw. © 2024 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

# Appendix 2

Black's Law Dictionary (12th ed. 2024), quasi-judicial act

QUASI-JUDICIAL ACT

Bryan A. Garner, Editor in Chief

Preface to the Twelfth Edition | Guide to the Dictionary | Legal Maxims | Bibliography of Books Cited

**quasi-judicial act** (1840)  **1.** A judicial act performed by an official who is not a judge. **2.** An act performed by a judge who is not acting entirely in a judicial capacity. See *judicial act* under act (2).

Westlaw. © 2024 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

**End of Document**	© 2025 Thomson Reuters. No claim to original U.S. Government Works.

# Appendix 3

Vernon's Texas Statutes and Codes Annotated
  Occupations Code (Refs & Annos)
    Title 14. Regulation of Motor Vehicles and Transportation (Refs & Annos)
      Subtitle A. Regulations Related to Motor Vehicles
        Chapter 2301. Sale or Lease of Motor Vehicles (Refs & Annos)
          Subchapter O. Hearings Procedures

V.T.C.A., Occupations Code § 2301.709

§ 2301.709. Review by Board

Currentness

(a) In reviewing a case under this subchapter, the board or a person delegated power from the board under Section 2301.154 may consider only materials that are submitted timely.

(b) The board or a person delegated power from the board under Section 2301.154 may hear such oral argument from any party as the board may allow.

(c) The board or a person delegated power from the board under Section 2301.154 shall take any further action conducive to the issuance of a final order and shall issue a written final decision or order. A majority vote of a quorum of the board is required to adopt a final decision or order of the board.

(d) The board shall adopt rules and policies that establish standards for reviewing a case under this subchapter. The rules and policies must:

  (1) specify the role of division personnel in managing contested cases before the board or a person delegated power from the board under Section 2301.154, including advising on procedural matters;

  (2) specify appropriate conduct and discussion by the board or a person delegated power from the board under Section 2301.154 regarding proposals for decision issued by administrative law judges;

  (3) specify clear expectations limiting arguments and discussion under Subsection (b) to evidence in the record of the contested case hearing held by the administrative law judge;

  (4) address ex parte communications; and

  (5) distinguish between using industry expertise and representing or advocating for an industry when reviewing a case under this subchapter.

**Credits**

Added by Acts 2001, 77th Leg., ch. 1421, § 5, eff. June 1, 2003. Amended by Acts 2007, 80th Leg., ch. 1403, § 3, eff. Sept. 1, 2007; Acts 2013, 83rd Leg., ch. 1135 (H.B. 2741), § 26, eff. Sept. 1, 2013; Acts 2019, 86th Leg., ch. 594 (S.B. 604), § 2.06, eff. Sept. 1, 2019.

Notes of Decisions (7)

V. T. C. A., Occupations Code § 2301.709, TX OCC § 2301.709
Current through the end of the 2023 Regular, Second, Third and Fourth Called Sessions of the 88th Legislature, and the Nov. 7, 2023 general election.

---

**End of Document**  © 2025 Thomson Reuters. No claim to original U.S. Government Works.

# Appendix 4

Vernon's Texas Statutes and Codes Annotated

Government Code (Refs & Annos)

Title. 10. General Government (Refs & Annos)

Subtitle A. Administrative Procedure and Practice

Chapter 2001. Administrative Procedure (Refs & Annos)

Subchapter F. Contested Cases: Final Decisions and Orders; Motions for Rehearing (Refs & Annos)

V.T.C.A., Government Code § 2001.141

§ 2001.141. Form of Decision; Findings of Fact and Conclusions of Law

Currentness

(a) A decision or order of a state agency that may become final under Section 2001.144 that is adverse to any party in a contested case must be in writing and signed by a person authorized by the agency to sign the agency decision or order.

(b) A decision or order that may become final under Section 2001.144 must include findings of fact and conclusions of law, separately stated.

(c) Findings of fact may be based only on the evidence and on matters that are officially noticed.

(d) Findings of fact, if set forth in statutory language, must be accompanied by a concise and explicit statement of the underlying facts supporting the findings.

(e) If a party submits under a state agency rule proposed findings of fact or conclusions of law, the decision or order shall include a ruling on each proposed finding or conclusion.

**Credits**

Added by Acts 1993, 73rd Leg., ch. 268, § 1, eff. Sept. 1, 1993. Amended by Acts 2015, 84th Leg., ch. 625 (S.B. 1267), § 3, eff. Sept. 1, 2015.

Notes of Decisions (87)

V. T. C. A., Government Code § 2001.141, TX GOVT § 2001.141
Current through the end of the 2023 Regular, Second, Third and Fourth Called Sessions of the 88th Legislature, and the Nov. 7, 2023 general election.

---

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Government Code (Refs & Annos)
    Title. 10. General Government (Refs & Annos)
      Subtitle A. Administrative Procedure and Practice
        Chapter 2001. Administrative Procedure (Refs & Annos)
          Subchapter F. Contested Cases: Final Decisions and Orders; Motions for Rehearing (Refs & Annos)

V.T.C.A., Government Code § 2001.142

§ 2001.142. Notification of Decisions and Orders

Currentness

(a) A state agency shall notify each party to a contested case of any decision or order of the agency using at least one of the following methods of service:

(1) personal service;

(2) if agreed to by the party to be notified, service by electronic means sent to the current e-mail address or facsimile number of the party's attorney of record or of the party if the party is not represented by counsel;

(3) service by first class, certified, or registered mail sent to the last known address of the party's attorney of record or of the party if the party is not represented by counsel; or

(4) service by a method required under the state agency's rules or orders for a party to serve copies of pleadings in a contested case.

(b) When a decision or order in a contested case that may become final under Section 2001.144 is signed or when an order ruling on a motion for rehearing is signed, a state agency shall deliver or send a copy of the decision or order to each party in accordance with Subsection (a). The state agency shall keep a record documenting the provision of the notice provided to each party in accordance with Subsection (a).

(c) If an adversely affected party or the party's attorney of record does not receive the notice required by Subsections (a) and (b) or acquire actual knowledge of a signed decision or order before the 15th day after the date the decision or order is signed, a period specified by or agreed to under Section 2001.144(a), 2001.146, 2001.147, or 2001.176(a) relating to a decision or order or motion for rehearing begins, with respect to that party, on the date the party or the party's attorney of record receives the notice or acquires actual knowledge of the signed decision or order, whichever occurs first. The period may not begin earlier than the 15th day or later than the 45th day after the date the decision or order was signed.

(d) To establish a revised period under Subsection (c), the adversely affected party must prove, on sworn motion and notice, that:

(1) the date the party or the party's attorney of record first received notice from the state agency or acquired actual knowledge of the signing of the decision or order was after the 14th day after the date the decision or order was signed;

(2) the adversely affected party exercised due diligence by keeping the state agency and all other parties to the contested case apprised of the current mailing address and any electronic contact information for the adversely affected party or the adversely affected party's attorney of record; and

(3) the adversely affected party and the party's attorney of record did not take any action that impeded or prevented receipt of notice of the signing of the decision or order.

(e) The state agency or a person authorized to act for the agency must grant or deny the sworn motion not later than the date of the agency's governing board's next meeting or, for a state agency without a governing board with decision-making authority in contested cases, not later than the 10th day after the date the agency receives the sworn motion.

(f) If the state agency or a person authorized to act for the agency fails to grant or deny the motion at the next meeting or before the 10th day after the date the agency receives the motion, as appropriate, the motion is considered granted.

(g) If a sworn motion filed under Subsection (d) is granted with respect to the adversely affected party filing that motion, all the periods specified by or agreed to under Section 2001.144(a), 2001.146, 2001.147, or 2001.176(a) relating to a decision or order, or motion for rehearing, shall begin for the movant on the date specified in the sworn motion that the movant or the movant's attorney of record first received the notice required by Subsections (a) and (b) or acquired actual knowledge of the signed decision or order. The date specified in the sworn motion shall be considered the date the decision or order was signed for the movant. The timely filing of a sworn motion for rehearing under Subsection (d) extends the period for agency action on any motion for rehearing until the 100th day after the date the decision or order subject to the motion for rehearing is signed.

**Credits**
Added by Acts 1993, 73rd Leg., ch. 268, § 1, eff. Sept. 1, 1993. Amended by Acts 1999, 76th Leg., ch. 18, § 1, eff. Sept. 1, 1999; Acts 2015, 84th Leg., ch. 625 (S.B. 1267), § 4, eff. Sept. 1, 2015; Acts 2017, 85th Leg., ch. 430 (S.B. 1446), § 3, eff. Sept. 1, 2017.

Notes of Decisions (8)

V. T. C. A., Government Code § 2001.142, TX GOVT § 2001.142
Current through the end of the 2023 Regular, Second, Third and Fourth Called Sessions of the 88th Legislature, and the Nov. 7, 2023 general election.

**End of Document**                                                      © 2025 Thomson Reuters. No claim to original U.S. Government Works.

# Appendix 5

Vernon's Texas Statutes and Codes Annotated
  Government Code (Refs & Annos)
    Title. 10. General Government (Refs & Annos)
      Subtitle A. Administrative Procedure and Practice
        Chapter 2001. Administrative Procedure (Refs & Annos)
          Subchapter F. Contested Cases: Final Decisions and Orders; Motions for Rehearing (Refs & Annos)

V.T.C.A., Government Code § 2001.144

§ 2001.144. Decisions or Orders; When Final

Currentness

(a) A decision or order in a contested case is final:

  (1) if a motion for rehearing is not filed on time, on the expiration of the period for filing a motion for rehearing;

  (2) if a motion for rehearing is timely filed, on the date:

    (A) the order overruling the latest filed motion for rehearing is signed; or

    (B) the latest filed motion for rehearing is overruled by operation of law;

  (3) if a state agency finds that an imminent peril to the public health, safety, or welfare requires immediate effect of a decision or order, on the date the decision or order is signed, provided that the agency incorporates in the decision or order a factual and legal basis establishing an imminent peril to the public health, safety, or welfare; or

  (4) on:

    (A) the date specified in the decision or order for a case in which all parties agree to the specified date in writing or on the record; or

    (B) if the agreed specified date is before the date the decision or order is signed, the date the decision or order is signed.

(b) If a decision or order is final under Subsection (a)(3), a state agency must recite in the decision or order the finding made under Subsection (a)(3) and the fact that the decision or order is final and effective on the date signed.

**Credits**

Added by Acts 1993, 73rd Leg., ch. 268, § 1, eff. Sept. 1, 1993. Amended by Acts 1997, 75th Leg., ch. 611, § 1, eff. Sept. 1, 1997; Acts 2015, 84th Leg., ch. 625 (S.B. 1267), § 7, eff. Sept. 1, 2015; Acts 2017, 85th Leg., ch. 430 (S.B. 1446), § 4, eff. Sept. 1, 2017.

Notes of Decisions (23)

V. T. C. A., Government Code § 2001.144, TX GOVT § 2001.144
Current through the end of the 2023 Regular, Second, Third and Fourth Called Sessions of the 88th Legislature, and the Nov. 7, 2023 general election.

---

**End of Document**
© 2025 Thomson Reuters. No claim to original U.S. Government Works.

# Appendix 6

Vernon's Texas Statutes and Codes Annotated
  Government Code (Refs & Annos)
    Title. 10. General Government (Refs & Annos)
      Subtitle A. Administrative Procedure and Practice
        Chapter 2001. Administrative Procedure (Refs & Annos)
          Subchapter F. Contested Cases: Final Decisions and Orders; Motions for Rehearing (Refs & Annos)

V.T.C.A., Government Code § 2001.146

§ 2001.146. Motions for Rehearing: Procedures

Currentness

(a) A motion for rehearing in a contested case must be filed by a party not later than the 25th day after the date the decision or order that is the subject of the motion is signed, unless the time for filing the motion for rehearing has been extended under Section 2001.142, by an agreement under Section 2001.147, or by a written state agency order issued under Subsection (e). On filing the motion for rehearing, the movant shall send copies of the motion to all other parties using the notification methods specified by Section 2001.142(a).

(b) A party must file with the state agency a reply, if any, to a motion for rehearing not later than the 40th day after the date the decision or order that is the subject of the motion is signed, or not later than the 10th day after the date a motion for rehearing is filed if the time for filing the motion for rehearing has been extended under Section 2001.142, by an agreement under Section 2001.147, or by a written state agency order under Subsection (e). The party filing the reply shall send copies of the reply to all other parties using the notification methods specified by Section 2001.142(a).

(c) A state agency shall act on a motion for rehearing not later than the 55th day after the date the decision or order that is the subject of the motion is signed or the motion for rehearing is overruled by operation of law.

(d) If a state agency board includes a member who does not receive a salary for work as a board member and who resides outside Travis County, the board may rule on a motion for rehearing at a meeting or by:

  (1) mail;

  (2) telephone;

  (3) telegraph; or

  (4) another suitable means of communication.

# Appendix 7

(e) A state agency or a person authorized to act for the agency may, on its own initiative or on the motion of any party for cause shown, by written order extend the time for filing a motion or reply or taking agency action under this section, provided that the agency or person extends the time or takes the action not later than the 10th day after the date the period for filing a motion or reply or taking agency action expires. An extension may not extend the period for agency action beyond the 100th day after the date the decision or order that is the subject of the motion is signed.

(f) In the event of an extension, a motion for rehearing is overruled by operation of law on the date fixed by the order or, in the absence of a fixed date, the 100th day after the date the decision or order that is the subject of the motion is signed.

(g) A motion for rehearing must identify with particularity findings of fact or conclusions of law that are the subject of the complaint and any evidentiary or legal ruling claimed to be erroneous. The motion must also state the legal and factual basis for the claimed error.

(h) A subsequent motion for rehearing is not required after a state agency rules on a motion for rehearing unless the order disposing of the original motion for rehearing:

(1) modifies, corrects, or reforms in any respect the decision or order that is the subject of the complaint, other than a typographical, grammatical, or other clerical change identified as such by the agency in the order, including any modification, correction, or reformation that does not change the outcome of the contested case; or

(2) vacates the decision or order that is the subject of the motion and provides for a new decision or order.

(i) The time limits and other requirements for filing a subsequent motion for rehearing, a reply to the subsequent motion for rehearing, and a ruling on the subsequent motion for rehearing are governed by this section and Sections 2001.142, 2001.144, 2001.145, and 2001.147.

**Credits**
Added by Acts 1993, 73rd Leg., ch. 268, § 1, eff. Sept. 1, 1993. Amended by Acts 2015, 84th Leg., ch. 625 (S.B. 1267), § 9, eff. Sept. 1, 2015; Acts 2017, 85th Leg., ch. 430 (S.B. 1446), § 5, eff. Sept. 1, 2017.

Notes of Decisions (93)

V. T. C. A., Government Code § 2001.146, TX GOVT § 2001.146
Current through the end of the 2023 Regular, Second, Third and Fourth Called Sessions of the 88th Legislature, and the Nov. 7, 2023 general election.

---

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

darlyn castillo on behalf of Jeffery Taylor Nobles
Bar No. 15053050
darlyn.castillo@huschblackwell.com
Envelope ID: 97864964
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Mazda's Combined Appellee's Brief and Cross-Appellant's Reply Briefs (to World Car North and The Board)
Status as of 2/27/2025 12:50 PM CST

Associated Case Party: Board of the Texas Department of Motor Vehicles

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Christian Young | | christian.young@oag.texas.gov | 2/27/2025 12:42:00 PM | SENT |
| Kathy Johnson | | Kathy.Johnson@oag.texas.gov | 2/27/2025 12:42:00 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Benjamin AEscobar | | benjamin.escobar@akerman.com | 2/27/2025 12:42:00 PM | SENT |
| Brit T.Brown | | brit.brown@akerman.com | 2/27/2025 12:42:00 PM | SENT |
| Neila Olvera | | neila.olvera@akerman.com | 2/27/2025 12:42:00 PM | SENT |
| Jeffery Nobles | 15053050 | jeff.nobles@huschblackwell.com | 2/27/2025 12:42:00 PM | SENT |
| Jeffrey Oldham | 24051132 | jeff.oldham@bracewell.com | 2/27/2025 12:42:00 PM | SENT |
| Walter Simons | 24098429 | walter.simons@bracewell.com | 2/27/2025 12:42:00 PM | SENT |
| Jarod Stewart | 24066147 | jstewart@steptoe.com | 2/27/2025 12:42:00 PM | SENT |
| Austin Kreitz | 24102044 | akreitz@steptoe.com | 2/27/2025 12:42:00 PM | SENT |
| Katherine Johnson | 24126964 | kathy.johnson@oag.texas.gov | 2/27/2025 12:42:00 PM | SENT |
| Terri Patton | | terri.patton@bracewell.com | 2/27/2025 12:42:00 PM | SENT |
| Christina Ramos | | cramos@steptoe.com | 2/27/2025 12:42:00 PM | SENT |
| Sallie Woodell | | swoodell@steptoe.com | 2/27/2025 12:42:00 PM | SENT |